

**ORDERED in the Southern District of Florida on June 02, 2011.**

**Raymond B. Ray, Judge**
**United States Bankruptcy Court**

_____

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
(FORT LAUDERDALE DIVISION)
www.flsb.uscourts.gov

In re:                                                                         CASE NO. 09-34791-BKC-RBR
                                                                                      CHAPTER 11
ROTHSTEIN ROSENFELDT
ADLER, P.A.,

     Debtor.
_____/

**AGREED ORDER GRANTING, IN PART: THE MOTION OF TRUSTEE HERBERT
STETTIN TO ISSUE A WRIT OF _HABEAS CORPUS AD TESTIFICANDUM_ [D.E. 1595];
GIBRALTAR PRIVATE BANK & TRUST'S MOTION FOR LEAVE TO DEPOSE
SCOTT ROTHSTEIN AND FOR CERTIFICATION TO DISTRICT COURT FOR
ISSUANCE OF WRIT OF _HABEAS CORPUS AD TESTIFICANDUM_ [D.E. 1660];
AND RAZORBACK CREDITORS' MOTION FOR ISSUANCE OF WRIT OF _HABEAS
CORPUS AD TESTIFICANDUM_ TO DEPOSE SCOTT W. ROTHSTEIN IN STATE
COURT LITIGATION [D.E. 1685] AND ESTABLISHING PROTOCOL FOR
<u>EXAMINATION AND DEPOSITION</u>**

This cause came before the Court on: the Motion of the Trustee Herbert Stettin to Issue a

_Writ of Habeas Corpus Ad Testificandum_ [D.E. 1595](the "Trustee's Motion"); Gibraltar Private

Bank & Trust's ("Gibraltar") Motion for Leave to Depose Scott Rothstein and for Certification

to District Court for Issuance of Writ of *Habeas Corpus Ad Testificandum* [D.E. 1660]("Gibraltar's Motion"); and Razorback Creditors' Motion for Issuance of Writ of Habeas Corpus Ad Testificandum to Depose Scott W. Rothstein in State Court Litigation and Limited Joinder in Defendant Gibraltar Private Bank & Trust Company's Motion [D.E. 1685] ("Razorback Creditors' Motion").  The following parties filed joinders in one or more of these motions:  Creditors Caro Group, LLC, Exito, LLC, Marmarser, LLC, Network Resources, LLC, New Miami Group, LLC, Pirulin, LLC (D.E.s 1593 and 1715); Suzanne Rosenfeldt and Stuart Rosenfeldt (D.E.s 1598 and 1704); Creditor VRLP1, LLC (D.E. 1599); Creditor Edward J. Morse (D.E. 1616); Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L. (D.E. 1619); Paul Brinkman (D.E. 1634); R.L. Pearson and Associates, Inc. (1636); Official Committee of Creditors (D.E. 1638); and Michael Szafranski (D.E. 1725).

Upon consideration of the record, and the arguments of counsel at the hearings of April 25 and May 18, 2011, it is hereby **ORDERED** as follows:

The Trustee's Motion, Gibraltar's Motion and Razorback Creditors' Motion for Leave to Depose Scott W. Rothstein are GRANTED, in part, upon the terms and conditions set forth below.  The Court finds that application of the relevant factors in this case supports the issuance of a Writ of *Habeas Corpus Ad Testificandum* concerning Rothstein, so that the parties to the various lawsuits can secure his deposition testimony.  The Court finds that Scott W. Rothstein ("Rothstein") is an important witness, who should have personal knowledge of many issues in this case. The Court therefore recommends that the United States District Court issue a Writ of *Habeas Corpus Ad Testificandum*.  It is further ORDERED,

That the Clerk of the Court is directed to certify to the District Court this Court's recommendation that the District Court issue a Writ of *Habeas Corpus Ad Testificandum* in a

form similar to the proposed Writ attached as Exhibit "A" to this Order.  Counsel for the Trustee, Gibraltar and the Razorback creditors are directed to present to the Clerk of this Court any documentation necessary to complete the certification of this recommendation to the District Court.

The following shall be the protocol for the examination and deposition of Rothstein if the District Court issues a Writ of *Habeas Corpus Ad Testificandum*:

1.     This protocol shall govern: a) the Bankruptcy Rule 2004 examination of Rothstein by the Trustee; b) the Bankruptcy Rule 7030 deposition of Rothstein in any pending adversary proceeding of record filed by the Trustee, including Case No. 10-03767-RBR-BKC-A ("the Gibraltar Adversary Action"); c) the Rule 1.310, Fla. R. Civ. P., deposition of Rothstein in the state court action *Razorback Funding, LLC et al. v. Scott W. Rothstein, et al.,* pending in Broward County Circuit Court, Case No. 09-062943 (19) (the "Razorback Action"); and d)  such other cases in which parties comply with paragraph 2 below.

2.     All parties who have not as of the date of this Order secured permission to depose Rothstein and who wish to take his deposition shall: a) secure from the court in which the litigation is pending an order granting leave to depose Rothstein; and, b) upon securing an order granting leave to depose Rothstein, shall serve a copy of the order on all persons listed on the service list in this bankruptcy proceeding, as well as the United States Attorney's Office for the Southern District of Florida.  If the Trustee objects to the participation of any new party who seeks to depose Rothstein, the Trustee shall inform the party of his objection and shall notify the Court if the objection cannot be resolved and a resolution by the Court is required.

3.     The examination of Rothstein by the Trustee shall be conducted pursuant to the provisions of Bankruptcy Rule 2004 and shall be focused on: (a) investigatory factual matters

pertaining to claims that the Trustee has or may have against third parties who are not parties to existing adversary proceedings in this matter; and (b) the acts, conduct, property or liabilities and financial condition of the Debtor, or to any matter which may affect the administration of the Debtor's estate.  The Rule 2004 examination will not be directed to developing evidence against parties to pending adversary proceedings in this matter; provided that the Trustee may ask some limited questions that relate to any pending adversary proceeding and all objections to the scope and form of such questions shall be deemed preserved.

4.      The deposition of Rothstein shall be taken in accordance with the following rules, and any order of the supervising court.  In the Gibraltar Adversary Action, and in any other adversary proceeding that is scheduled in compliance with paragraph 2 above, shall be taken in accordance with the Federal Rules of Civil Procedure as applicable pursuant to Federal Rules of Bankruptcy Procedure 7026 and 7030. The deposition of Rothstein that is taken in any proceeding pending in the United States District Court shall be taken in accordance with Rules 26 and 30 of the Federal Rules of Civil Procedure.  The deposition of Rothstein in the Razorback Action or depositions taken in any other Florida state action shall be taken in accordance with Rules 1.280 and 1.310 of the Florida Rules of Civil Procedure.  The depositions may be videotaped.

5.      Any party participating in the Rule 2004 examination or the deposition of Rothstein may participate in the deposition with no more than two representatives, which may either be the party's attorneys, party representatives themselves, or one party representative and one attorney.  The Trustee may be represented by additional retained professionals.  The Creditors' Committee may be represented by its lead counsel, in addition to counsel for the

Razorback Creditors.  The Razorback creditors may have up to a total of four representatives present.

6.     Counsel for the Trustee, lead counsel for the Creditors' Committee, counsel for the Razorback Creditors, counsel for TD Bank, N.A. ("TD Bank") (as liaison counsel in the Razorback Action) and counsel for Gibraltar shall review all notices of deposition, and shall advise the United States Government of the approximate number of expected participants at Rothstein's deposition and the approximate number of hours the deposition is expected to last.

7.     Counsel for the Trustee, lead counsel for the Creditors' Committee, counsel for the Razorback Creditors, counsel for TD Bank and counsel for Gibraltar shall coordinate with the United States Government the time and place of Rothstein's deposition.  The Trustee, the Creditors' Committee, the Razorback Creditors, TD Bank and Gibraltar, and any other additional party who is permitted to join the deposition, shall be jointly liable for their *pro rata* share of the reasonable cost imposed by the United States Government to transport Rothstein to the location of the deposition, the cost of the facility, security costs and the costs of the court reporter and videography services for the transcribing and videotaping of Rothstein's deposition.

8.     Once counsel for the Trustee, lead counsel for the Creditors' Committee, counsel for the Razorback Creditors, counsel for TD Bank, counsel for Gibraltar, and the United States Government have agreed on the time and location of Rothstein's deposition, counsel for the Trustee shall file a notice with this Court, setting forth the time and location of the deposition. Counsel who are deposing Rothstein in proceedings other than proceedings before this Court shall also file notices in the appropriate court, setting forth the time and location of the deposition.

9.      The Rule 2004 examination by the Trustee shall be conducted first, at which time only counsel for the Trustee and counsel for the Creditors' Committee shall be permitted to question Rothstein.  All other counsel and parties shall be permitted to attend the Rule 2004 examination and to present objections to the form and/or scope of questions.  The objection of one counsel or party shall not need to be repeated by another counsel to preserve that objection on behalf of such other party or counsel.  Any objection to the form of a question shall be deemed to have been made on behalf of all other parties.  When the Trustee completes the Rule 2004 examination, the transcript from that examination shall be concluded, and a separate transcript for the deposition of Rothstein in each of the adversary proceedings and other cases shall be commenced.

10.      The Trustee, the Plaintiffs and the Defendants who are parties to the proceedings in which the deposition is being taken shall coordinate the questioning of Rothstein. During the deposition, the objection of one counsel or party shall not need to be repeated by another counsel to preserve that objection on behalf of such other party or counsel.  Any objection to the form of a question shall be deemed to have been made on behalf of all other parties.

11.      The parties intending to question Rothstein in the deposition shall provide to each other copies of the exhibits they reasonably expect to introduce at the deposition at least 5 business days prior to the deposition via facsimile or electronic mail.  Nothing in this Order shall prevent parties who attempted in good faith to comply with the provisions of this paragraph from introducing additional exhibits at the deposition, provided that the questioning party provides sufficient copies of the exhibits for use by all parties and counsel attending the examination/deposition.

12.     With respect to the Trustee's 2004 examination, as the Trustee does not intend to use the examination directly for the purpose of developing evidence against parties to pending adversary proceedings, and as the Trustee needs to use the 2004 examination to conduct a broad area of inquiry, the Trustee is not required to provide multiple copies of documents he intends to use in the 2004 examination to the other parties in advance of the examination. However, the Trustee shall use his best efforts to provide copies of documents in advance of the examination and shall provide one copy of all documents he uses at the examination to the other parties. Further, to the extent that the Trustee uses documents at the examination that relate to pending adversary proceedings, copies of such documents will be provided to the parties in the particular adversary proceeding that is related to the document.

13.     The deposition of Rothstein may be used in court proceedings without the necessity of establishing Rothstein's unavailability to appear to testify before a court as long as the proposed use of the deposition is permitted in accordance with Bankruptcy Rule 7032, Federal Rule of Civil Procedure 32 and Rule 1.330, Fla. R. Civ. P., and the applicable Rules of Evidence.

14.     Members of the press shall not be permitted to attend the examination/deposition. Upon completion of the examination/deposition, the Trustee shall order a transcript and videotape of the Rule 2004 examination and a transcript and videotape of the deposition to be prepared.  The other parties to the deposition may order a copy of the transcripts and videotapes of the examination and deposition at their own cost. The transcripts or videotape shall be provided to representatives of the press who agree to pay for the costs of the transcripts or videotapes.  If any party has an objection to providing the transcripts or videotapes to the press, such party shall file an objection with the Court within 7 days of completion of the deposition,

and such objections shall need to be resolved before any transcripts or videotapes are provided to the press.

### # # #

Submitted by:

**CHARLES LICHTMAN, ESQ.**
Berger Singerman
350 East Las Olas Blvd., Suite 1000
Fort Lauderdale Florida 33301
Telephone: (954) 627-9913
E-Mail:  clichtman@bergersingerman.com

Copies furnished to:

Attorney Lichtman shall serve copies of this Order on all interested parties (to include all parties listed in EM/ECF for this case and for adversary cases under this case, and parties in *Razorback Funding, LLC et al. v. Scott W. Rothstein, et al.,* Case No. 09-062943 (19), currently pending in the Circuit Court for the 17th Judicial Circuit in and for Broward County, Florida.

3681699-2

8

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(FORT LAUDERDALE DIVISION)

In re:

ROTHSTEIN ROSENFELDT
ADLER, P.A.,

      Debtor.

_____/

## WRIT OF HABEAS CORPUS AD TESTIFICANDUM

TO:    Any United States Marshal
          United States Bureau of Prisons
          United States Attorney's Office for the Southern District of Florida
          Any federal officer having custody or control of Scott W. Rothstein

Comes now the undersigned Judge, and it appearing that the presence of Scott W. Rothstein is necessary in order to permit the parties in Bankruptcy Case No. 09- 34791-BKC-RBR and adversary cases related thereto, to adequately conduct discovery and prepare for trial, and it further appearing that Scott W. Rothstein is now confined in the custody of the United States government at an undisclosed location and that his presence for these proceedings cannot be secured under the ordinary process or subpoena of the United States Bankruptcy Court for the Southern District of Florida.

The Court orders as follows:  the United States Marshal, United States Bureau of Prisons, United States Attorney's Office for the Southern District of Florida and/or any federal officer who has custody and control of Scott W. Rothstein is required to present Rothstein appear before the United States Bankruptcy Court for the Southern District of Florida, Ft. Lauderdale Division at such time and location as the United States government and the parties seeking Rothstein's deposition mutually agree upon, for a deposition pursuant to Federal Rule of Bankruptcy Procedure 7030.  The deposition of Rothstein shall commence on the agreed-upon date and

continue thereafter from day to day until completed.  The time limitations in Fed.R.Civ.P. 30

(d)(1) shall not apply.

       Date:_____            _____

                                            United States District Judge

3690604-1