UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61338-CIV-COHN

In Re: ROTHSTEIN ROSENFELDT ADLER, P.A.,

Debtor.
_____/

**ORDER GRANTING STAY OF BANKRUPTCY COURT'S
ORDER GRANTING THE MOTION OF TRUSTEE TO ISSUE A WRIT OF HABEAS
CORPUS AD TESTIFICANDUM**

**THIS CAUSE** is before the Court upon the Bankruptcy Court's certification of its Order Granting in Part: the Motion of Trustee Herbert Stettin to Issue a Writ of Habeas Corpus Ad Testificandum, Gilbraltar Private Bank & Trust's ("Gilbraltar") Motion for Leave to Depose Scott Rothstein, and Razorback Creditors' Motion for Issuance of Writ of Habeas Corpus Ad Testificandum to Depose Scott Rothstein in State Court Litigation [DE 1] (the "Bankruptcy Court Order"), the Government's Objection to the Order and Motion to Stay Taking of Deposition [DE 12], the Trustee's Response [DE 18], the Responses of Gilbraltar, TD Bank, Razorback Victims, and Platinum Partners Value Arbitrage Fund LP ("Platinum") [DE 19, 22-24], and the Government's Reply [DE 29]. The Court has carefully considered the Bankruptcy Court's Order, the Government's Objection and Motion to Stay, the various Responses, and the Reply, has heard the argument of counsel at today's hearing, and is otherwise fully advised in the premises.[1]

Scott Rothstein ("Rothstein"), the central figure in a criminal action brought by the

---

[1] The Court has also considered the Government's Ex Parte Submission in Support of its Objection and Motion to Stay [DE 26 (filed under seal)]. This Court authorized the filing under seal as the submission contains specific information regarding the Government's pending criminal investigation that is subject to grand jury rules.

United States of America regarding fraudulent activities undertaken by Rothstein while he controlled the now bankrupt law firm of Rothstein, Rosenfeldt & Adler, P.A. ("RRA"), is sought to be deposed in various civil actions pending in federal and state courts. The bankruptcy court-appointed Trustee for RRA, plaintiff victims, and defendants in separate actions brought by the Trustee and fraud victims all seek to examine or depose Rothstein regarding his knowledge of events related to the operations of RRA and those civil actions. The parties filed motions to depose Rothstein in the RRA bankruptcy proceeding, resulting in the Bankruptcy Court Order certifying the Order to this Court for its approval, as Rothstein is currently serving a fifty (50) year sentence imposed by this Court in Case No. 09-60331-CR. The United States Government seeks to stay any deposition of Rothstein for a period of at least six months.

## I. BACKGROUND

On November 10, 2009, an involuntary petition for bankruptcy was filed regarding the RRA law firm. A trustee was appointed shortly thereafter by the bankruptcy court. On December 1, 2009, the United States, by way of an information, charged Rothstein with RICO, money laundering, and mail and wire fraud conspiracies in violation of 18 U.S.C. §§ 1962(d), 1956(h), and 1349, and with substantive wire fraud in violation of 18 U.S.C. § 1343. The Information also contained criminal forfeiture allegations.

On January 27, 2010, Rothstein pled guilty to all of the charges contained in the Information. Rothstein also agreed to forfeit his right in the properties described in the Information and the Bill of Particulars. See DE 69 at 3. Thus, on April 19, 2010, the Court entered a Preliminary Order of Forfeiture. The Preliminary Order of Forfeiture

forfeited all of Rothstein's right, title and interest in all property involved in the RICO and money laundering conspiracies and all property derived from the mail and wire fraud offenses. See id. Significant litigation then ensued in this Court in the criminal action regarding various third-party claims in the forfeiture action and restitution proceeding, ultimately leading to the First Final Order of Forfeiture on February 1, 2011.

While the criminal matter and related proceedings progressed in this Court, civil litigation surrounding RRA, Rothstein's victims, and RRA's creditors and business partners abounded in bankruptcy court, state court, and other federal district courts. Several of these other actions have upcoming filing and discovery deadlines.[2] Thus, the Trustee and other parties understandably seek to examine and depose Rothstein. However, according to the recent Motion to Reduce Sentence filed by the Government in the criminal action, Rothstein is continuing to cooperate in the Government's criminal investigation [DE 767 in Case No 09-60331-CR].

## II. DISCUSSION

This Court is once again asked to balance the conflicting needs of the Government prosecuting alleged criminal acts, the Bankruptcy Trustee charged with marshaling assets of a defunct law firm and distributing funds to RRA's creditors, victims of Rothstein's fraud schemes, and parties litigating civil actions with potentially millions of dollars of liability at issue.

---

[2] For example, one of the civil actions in federal district court is set for trial in late October; the Trustee has a November deadline to file additional adversary actions in bankruptcy court; and discovery deadlines in both state court and federal court actions are also set for the fall of this year.

3

### A. Balancing Test Factors

Federal courts have long recognized that discovery in civil actions should sometimes be stayed pending completion of parallel criminal prosecutions in the interest of justice. United States v. Kordel, 397 U.S. 1, 12, n.27 (1970) (collecting cases). The decision, as Justice Cardozo noted, "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. North American Co., 299 U.S. 248, 254-55 (1936). Each decision should be made on a case by case basis, though several factors to be weighed include:

> 1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Keating v. Office of Thrift Supervision, 45 F.3d 322, 325 (9th Cir. 1995).[3]

The Government contends that it requires a six month stay of any deposition of Rothstein to alleviate the burden upon it to complete its criminal investigation of the numerous co-conspirators in Rothstein's wide-ranging criminal activity, including mail and wire fraud, campaign finance fraud, tax fraud, extortion, payments of unlawful gratuities, bank fraud, money laundering and other crimes. Due to the use of a law firm

---

[3] A United States Magistrate Judge in the District of Columbia stated that the movant is required to "1) make a clear showing, by direct or indirect proof, that the issues in the civil action are 'related' as well as 'substantially similar' to the issues in the criminal investigation; 2) make a clear showing of hardship or inequality if required to go forward with the civil case while the criminal investigation is pending; and 3) must establish that the duration of the requested stay is not immoderate or unreasonable." Horn v. District of Columbia, 210 F.R.D. 13, 15 (D.D.C. 2002) (quoting St. Paul Fire & Marine Ins. Co v. United States, 24 Cl. Ct. 513, 515 (1991)).

as Rothstein's criminal enterprise, the Government has had two different teams of law enforcement personnel reviewing the more than 850,000 potentially relevant e-mail messages found on RRA's computers, in order to avoid prosecutors viewing any attorney-client communications.  The Government anticipates that "a deposition of Rothstein would disclose the evidence which forms the basis of the government's proposed case to putative defendants and other targets of the criminal investigation, some of whom are parties to this action," and therefore, "corroborating evidence could be concealed, altered or destroyed."  The Government asserts that its criminal investigation will be harmed by allowing the deposition to go forward at this time.

The Government relies in part on the fact that civil discovery rules are more liberal than those in place in criminal cases.  Campbell v. Eastland, 307 F.2d 478, 487 (5th Cir. 1962).[4]  Courts must "be sensitive to the difference" and not allow criminal defendants to obtain discovery through a civil action that they would not otherwise be allowed.  Id.; S.E.C. v. Downe, 1993 WL 22126, *11 (S.D.N.Y. 1993).  The Government also contends that allowing the criminal matter to proceed will moot and clarify issues in civil actions or increase the possibility of settlement of those actions, leading to a more efficient use of judicial resources.  Finally, the Government suggests that the public interest in bringing to justice additional wrongdoers supports their request for a six-month stay of the deposition.

---

[4] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the Circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

The Trustee responds to the Government's Motion by noting its statutory deadline of November 10, 2011, to file additional adversary actions to obtain more assets for creditors and victims cannot be extended by law. The Trustee argues that it requires access to Rothstein to avoid irreparable harm to its investigation of RRA's activities. The Government proposes to alleviate this burden by making Rothstein available to the Trustee for an interview to avoid this harm. Gilbratar and TD Bank oppose any kind of special access that provides an advantage to the Trustee or the Razorback Plaintiffs in the related civil actions.[5]

With regard to the stay of Rothstein's deposition, Gilbraltar, TD Bank, and Platinum Partners argue that under the line of cases cited by the Government, all civil discovery in the related cases should be stayed, as defendants in those actions will be prejudiced by having to defend those civil actions without the opportunity to depose Rothstein and gain potentially exculpatory evidence (or having to continue with discovery and then redo certain depositions after Rothstein's December deposition). These parties argue that the Government has completely ignored the burdens and prejudice faced by these parties in the other litigation. In its Reply, the Government confirms that it is only seeking to stay Rothstein's deposition, and whether other civil actions will need to be continued will be up to those courts presiding over those cases.

This Court agrees with the Government and will only decide whether to stay Rothstein's deposition.[6] In that regard, the Court concludes that under the unique

---

[5] The Court will separately address this proposal in the next section.

[6] This Court recognizes the inconvenience this decision may have on those courts presiding over the other civil actions. Whether Gilbraltar, TD Bank, or Platinum

6

circumstances of this case, where a wide-ranging criminal conspiracy operated from a functioning law firm with 70 attorneys plus support staff, was unraveled and dropped at the Government's front door in early November of 2009, the Government's request to delay Rothstein's deposition for six months is reasonable, despite the hardship such an extension may impose on the Trustee and private parties.  The Court reaches this decision upon consideration of all the factors courts have used to weigh the compelling yet competing interests on all sides of this dispute.

### B.  Trustee Special Access

Gilbraltar and TD Bank oppose the Government's proposed accommodation of allowing the Trustee to interview Rothstein in lieu of a Bankruptcy Rule 2004 examination.  They argue that such preferential treatment to a party that is in litigation against other interested parties is grossly unfair.  The Trustee and the Government suggest that the Trustee would limit its interview "to investigate the possibility of bringing actions against new parties, not to gather further evidence in pending cases." Government's Reply at 3.  In fact, following argument by TD Bank counsel seeking safeguards if access to Rothstein is allowed, counsel for the Trustee confirmed in open court that the Trustee and his counsel will treat their notes of an interview with Rothstein as work-product, will not obtain an affidavit or declaration from Rothstein to use against the adversary case defendants, and will not share the information gleaned from Rothstein with the plaintiffs in the civil cases.  The Trustee is granted this access solely because of his statutory obligations to bring new claims, properly supported

---

are entitled to a complete stay of discovery or a continuance of deadlines should be decided by those courts presiding over those cases.

under Rule 11, by early November.

### III. CONCLUSION

In granting the Government's motion for a stay, the Court concludes that no further stay will be granted. The parties opposing the stay are rightly concerned that the Government could come back to this Court after it completes its investigation and potentially obtains further indictments to seek a further stay of Rothstein's deposition pending resolution of the new criminal cases. The Court shares that concern. For that reason, the Court is setting a specific week in December for the Rothstein deposition to take place. This definite time frame for the deposition will allow all parties, including the Government, to govern themselves accordingly, and allow the other courts presiding over related civil actions to have confidence that no further delays will occur in the taking of the deposition.

The Court intends to follow Judge Ray's protocol for Rothstein's deposition as contained in his June 2 Order, which the Court understands was negotiated by all the parties involved (except the Government). However, for security reasons, the Court will allow the Government time to file specific objections to portions of that Order.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Government's Motion to Stay Taking of Deposition [DE 12] is hereby **GRANTED**;

2. The examination/deposition of Scott Rothstein shall take place commencing December 12, 2011, under the protocol described in Judge Ray's proposed Writ, except as modified by this Court in a future order. The United States

Government shall coordinate the time and location of Rothstein's deposition;

3. The Government shall file their objections and proposed revisions to particular portions of Judge Ray's Order by August 1, 2011, in a public filing, though the Government may attach a sealed filing containing any basis that must remain sealed due to security concerns;

4. By August 31, 2011, all parties, including the Government, shall file a joint proposed Writ of Habeas Corpus Testificandum.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 1st day of July, 2011.

/s/ James I. Cohn
JAMES I. COHN
U.S. DISTRICT JUDGE

Copies provided to:
Counsel of record on CM/ECF