UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61338-CIV-COHN

In Re: ROTHSTEIN ROSENFELDT ADLER, P.A.,

    Debtor.

_____/

**ORDER GRANTING GOVERNMENT'S MOTION TO REVISE ORDER OF JUDGE RAY SETTING THE PROTOCOL FOR DEPOSITION OF SCOTT ROTHSTEIN**
**ORDER DENYING MOTION FOR HEARING**
**ORDER DENYING MOTION FOR ACCESS TO THE GOVERNMENT'S MEMORANDUM**

**THIS CAUSE** is before the Court upon the Government's Motion to Revise the Order of Bankruptcy Judge Ray Setting the Protocol for Deposition of Scott W. Rothstein [DE 36], the Government's Ex Parte Submission in support of motion [filed under seal at DE 38], the Opposition Memoranda of Platinum Partners Value Arbitrage Fund LP ("Platinum") [DE 40], Gilbraltar Private Bank & Trust [DE 41],  TD Bank N.A.[DE 43/46], the Razorback Victims' Limited Joinder in Opposition [DE 44], TD Bank's Motion for Access to the Government's Ex Parte Submission [DE 45], the Razorback Victims' Limited Joinder in TD Bank's Motion [DE 47] and Gilbraltar's Motion for Hearing [DE 42]. The Court has carefully considered all of the filings in this matter, and is otherwise fully advised in the premises.

      Scott Rothstein ("Rothstein"), the central figure in a criminal action brought by the United States of America regarding fraudulent activities undertaken by Rothstein while he controlled the now bankrupt law firm of Rothstein, Rosenfeldt & Adler, P.A. ("RRA"), is sought to be deposed in various civil actions pending in federal and state courts.  The bankruptcy court-appointed Trustee for RRA, plaintiff victims, and defendants in

separate actions brought by the Trustee and fraud victims all seek to examine or depose Rothstein regarding his knowledge of events related to the operations of RRA and those civil actions.  The parties filed motions to depose Rothstein in the RRA bankruptcy proceeding, resulting in a Bankruptcy Court Order certifying the Order to this Court for its approval, as Rothstein is currently serving a fifty (50) year sentence imposed by this Court in Case No. 09-60331-CR.   After the United States Government moved to stay any deposition of Rothstein for a period of at least six months, the Court granted the motion, and ordered that the examination/deposition of Scott Rothstein shall take place commencing December 12, 2011, under the protocol described in Judge Ray's proposed Writ, except as modified by this Court in a future order.[1]  The Court did allow the Government time to file specific objections to portions of that Order.

The Government has moved to eliminate the videotaping of the deposition based upon matters of security.  In its sealed filing, which the Government states must be sealed by law, it supports its motion by stating that Rothstein is in a form of protective custody because of his participation in a law enforcement investigation.[2]  The Government cites to 18 U.S.C. § 3521 to support its argument, but does not cite to case law.

The private parties that seek to depose Rothstein all oppose the Government's motion to eliminate videotaping of the deposition.  They contend that the Government

---

[1] For the full background of this action, please see the Court's Order dated July 1, 2011 [DE 32].

[2] This statement by the Court effectively summarizes the Government's sealed filing, without revealing anything not already in the public record.

2

has failed to show good cause and specific identification of serious harm if videotaping is not allowed. Fanelli v. Centenary Coll., 211 F.R.D. 268, 270 (D.N.J. 2002)(citing Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3rd Cir. 1994). In Fanelli, a magistrate judge denied a plaintiff's motion to exclude videotaping of her deposition on the basis that her medical condition of "anxiety" would be worsened. The private parties assert that videotaping of depositions has become routine and imparts critical non-verbal credibility information that juries in the various civil actions should be able to view.[3]

Upon a review of all the filings of this matter, the Court concludes that the Government has shown good cause and specifically identified a serious harm to justify elimination of videotaping of Rothstein's deposition. Videotaping or photographing of a protected person would create a security risk and jeopardize the safety of the protected person, as well as the potential undermining of the protection program with regard to future participants. The Government's specific information in this case is filed under seal for security reasons that are unusual in nature yet significant enough to warrant this relief. Under the appropriate balancing test, the need for the private parties to videotape Rothstein is outweighed by the security concerns raised by the Government.

The Court recognizes that this ruling will leave many unsatisfied, as it does not reveal the Government's specific reasons. There are rare occasions in our otherwise open society that certain information should not be publicly available. The Court can

---

[3] The private parties also seek access to the Government's sealed filing based upon the public's right to access to judicial proceedings. Chicago Tribune Co. v. Bridgestone/Firestone Inc., 263 F.3d 1304, 1311 (11th Cir. 2001). The United States Court of Appeals for the Eleventh Circuit stated that a district court must balance public access with the competing interests of the parties when deciding access to a particular document. Id.

only hope that the litigants in the matter can understand that the Court does not reach this decision lightly, and has seriously considered all of the arguments before it.[4]

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Government's Motion to Revise the Order of Bankruptcy Judge Ray Setting the Protocol for Deposition of Scott W. Rothstein [DE 36] is hereby **GRANTED**;

2. Paragraphs 4, 7 and 14 of Judge Ray's Order shall be modified to eliminate videotaping of the deposition;

3. TD Bank's Motion for Access to the Government's Ex Parte Submission [DE 45] is hereby **DENIED**;

4. Gilbraltar Bank's Motion for Hearing [DE 42] is hereby **DENIED**;

5. By September 12, 2011, all parties, including the Government, shall file a joint proposed Writ of Habeas Corpus Testificandum.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 6th day of September, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record on CM/ECF

---

[4] In its discretion, the Court declines to hold a further hearing in this matter.