UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61338-CIV-COHN

In Re: ROTHSTEIN ROSENFELDT ADLER, P.A.,

    Debtor.
_____/

**<u>ORDER DENYING TRUSTEE'S MOTION TO CONTINUE DEPOSITION
ORDER DEFERRING RULING ON MOTION TO BIFURCATE PROCEEDING
ORDER DIRECTING RESPONSE BY TRUSTEE TO CROSS-MOTIONS
ORDER DENYING ALL REQUESTS FOR RELIEF NOT RELATED SPECIFICALLY
TO THE DEPOSITION OF SCOTT ROTHSTEIN</u>**

**THIS CAUSE** is before the Court upon the Trustee's Expedited Motion to Amend Writ of Habeas Corpus Ad Testificandum [DE 53], Gilbraltar Private Bank & Trust Company's ("Gilbraltar") Response [DE 59] and Cross-Motion to Compel the Government to Produce Scott Rothstein Under Conditions that are Fair [DE 83], Levinson & Company's Response [DE 60], SFS Capital Funding and Frank Preve's Response [DE 61], Ed Morse, Carol Morse and Morse Operations, Inc.'s Response and Supplemental Response [DE's 57 and 62], Razorback Victims' Response [DE 63], Counsel for Scott Rothstein's Response [DE 64], TD Bank, N.A.'s Response [DE 65] and Cross-Motion for Remedial Relief Related to Unauthorized Disclosure of Information [DE 79], Federal Insurance Company's Response [DE 66], Government's Response [DE 67] and Ex Parte Memorandum [DE 69], Emess Capital, LLC's Joinder in Trustee's Motion [DE 70], Brian Levy's Response [DE 71], SPD Group, Inc.'s Response [DE 72], Platinum Partners Value Arbitrage Fund LP ("Platinum")'s Response [DE 74] and Cross-Motion for Discovery and Sanctions regarding RRA Trustee's Violation of Court Order [DE 81], the Regent Defendants' Response [DE 76], and the

Amended Response of the RLI Insurance Company, et al ("Insurance Companies") [DE 78]. The Court has carefully considered all of the filings in this matter, and is otherwise fully advised in the premises.[1]

## I. BACKGROUND

Scott Rothstein ("Rothstein"), the central figure in a criminal action brought by the United States of America regarding fraudulent activities undertaken by Rothstein while he controlled the now bankrupt law firm of Rothstein, Rosenfeldt & Adler, P.A. ("RRA"), is set to be deposed in the RRA bankruptcy action and various civil actions pending in federal and state courts. After lengthy negotiations among the parties involved at the time, and after rulings by the Bankruptcy Court and this Court, the Court ordered that the examination/deposition of Scott Rothstein shall take place commencing December 12, 2011, under the protocol described in United States Bankruptcy Judge Raymond Ray's proposed Writ, except as modified by this Court (e.g. the deposition shall not be videotaped based upon matters of security).[2]

On November 10, 2011, the Trustee moved to Amend the Writ because the Trustee's filing of 46 additional adversary actions has created a group of affected parties who could not meet the security protocol deadlines to participate in Rothstein's December deposition. This Court directed all parties, including the Government, to file expedited responses to the Trustee's motion. Many of those parties have filed such

---

[1] Given the December 12, 2011 deposition date and the travel arrangements required, the Court declines to wait until reply memoranda are filed.

[2] For the full background of this action, please see the Court's Orders dated July 1, 2011 [DE 32] and September 6, 2011 [DE 50]. The Writ itself is filed at docket entry 52.

2

responses. TD Bank and Platinum have also filed cross-motions for remedial relief related to the allegedly unauthorized disclosure of information by Trustee's counsel and Trustee.

## II.  DISCUSSION

The present filings require the Court to once again balance the irreconcilable rights and duties of various parties:  the Government's duty to prosecute alleged criminal acts, the United States Marshal's Service obligation to protect witnesses, the Bankruptcy Trustee's duty to marshal assets of a defunct law firm and distribute funds to RRA's creditors, civil plaintiff victims of Rothstein's fraud schemes, and civil defendants faced with multi-million dollars of liability.[3]  In its prior orders, the Court has discussed the legal balancing tests that apply to these types of situations.  See In Re Rothstein Rosenfeldt Adler, P.A., 2011 WL 2620187, *2-3 (S.D. Fla. July 1, 2011); In Re Rothstein Rosenfeldt Adler, P.A., 2011 WL 3903567 (S.D. Fla. Sept. 6, 2011).

### A.  Deposition

To summarize the present dispute, the Trustee moved to amend the deposition protocol by either continuing the deposition or bifurcating the deposition.  A bifurcation would allow a second deposition for those parties who could not meet the security protocol deadlines for counsel to obtain the appropriate clearance to participate in the December deposition of Scott Rothstein.  These parties, generally defendants in adversary proceedings brought by the Trustee, could not have had sufficient notice to submit the information necessary to participate.  Many of these parties join in one or

---

[3] Not all civil defendants are in the same position, as some were only recently served with adversary actions, while others face trial in the next few months.

3

both parts of the Trustee's requested relief of either a continuance of the December deposition or a bifurcation to allow a second deposition in 2012.

The Government does not oppose a brief continuance based upon the Marshal's Service concerns regarding accommodation of the number of counsel participating in the December deposition amidst the crush of December family visits in federal prisons across the country.  The Government opposes bifurcation because it only agreed to the protocol adopted by Judge Ray because of its belief that only one deposition would occur.  The Government cites the burden on the understaffed Marshal's Service in having to accommodate a second deposition.  Finally, the Government states that accommodating state court litigants is not required by this Court.

The parties objecting most strenuously to any continuance of the deposition are those parties facing an early 2012 trial date in state court, the Razorback Victims and Gilbraltar.  These parties argue that in setting its trial schedule, the state court relied upon this Court's emphatic order that the Rothstein deposition would be held in December and not delayed further.  A delay of the deposition, even until January, would disrupt the schedule in that case.

Gilbraltar also filed a cross motion contending that the United States Marshal's security procedures requiring short notice of the location of the deposition and the inability for counsel to bring a computer are unreasonable.  Counsel foresees that it will be left to question Scott Rothstein just days before Christmas without the ability to timely return home.  This Court finds that under the circumstances and given the statutory duties of the Marshal's Service with regard to witness protection, its security procedures are not unreasonable.

TD Bank, a party presently a defendant in a civil action in trial before another judge of this Court, joins in the continuance request because "all four of the attorneys for whom the requisite security information was provided . . . are presently engaged in trial," and it would be unfair and prejudicial to require that "counsel" turn immediately to the preparation for, appearance at and active participation in the Rothstein deposition. This argument is insufficient to support a continuance, as only one attorney is required to appear and participate in the deposition that has been scheduled five months in advance. The Court doubts that all four attorneys are required to appear every day in trial. With four experienced counsel, TD Bank will remain well represented in both the trial and the deposition on the present schedule.

Counsel for Scott Rothstein responded to the Trustee's Motion by confirming that he is presently in a criminal trial in federal court in Boston, Massachusetts, in a case that he expects to go to the jury this week. However, because the presiding judge in that action is Chair of the United States Sentencing Commission, if not completed, his trial may resume on December 12, 2011, the date the deposition is scheduled to begin. Scott Rothstein opposes the motion for bifurcation.

Upon weighing these competing arguments, the Court notes that significant resources have already been invested in having the deposition go forward on December 12, following this Court's July Order that the Court would not continue the deposition later than December. Second, the Government's arguments relating to the burden on the Bureau of Prisons and the Marshal's Service in having a December deposition could have been anticipated earlier. Third, a brief delay in the deposition that would accommodate the Government at the expense of certain parties would not

afford any relief to many more parties sued by the Trustee whose cases are new and may not be ready for Rothstein's deposition if held in January. Thus, the request to continue the deposition is denied.

Turning next to the alternative relief of "bifurcating" the deposition to afford the additional parties a chance to participate in a deposition of Scott Rothstein, the Court need not decide this issue at this time. Any party who demonstrates a need to participate in a deposition of Scott Rothstein who is unable to participate in the December session because of the security restrictions imposed by the Marshal's Service, shall be afforded an opportunity to make a separate application for another deposition in early spring of 2012. Simply being sued by the Trustee in an adversary action is not by itself sufficient cause. Those parties who believe that they have sufficient cause to participate in a second deposition of Scott Rothstein shall coordinate their requests with the Trustee, who shall file a motion for such relief by January 18, 2012.

Finally, to the extent that a party has made requests for relief beyond direct participation in a deposition of Scott Rothstein, such as the Federal Insurance Company, those requests are denied, without prejudice, as being outside the scope of this action, which is limited to the issuance of a writ of habeas corpus ad testificandum.

### B.  Cross-Motions

Both TD Bank and Platinum have filed cross motions for relief from alleged violations of this Court's Order allowing the Trustee special access to Scott Rothstein under assurances from the Trustee's counsel that he will not share the information gleaned from Rothstein with the plaintiffs in the civil cases. <u>In re RRA</u>, 2011 WL

2620187, *4.  TD Bank alleges that the Trustee's counsel shared information with the Coquina plaintiffs in the action presently before Judge Cooke – information that purportedly formed the good faith basis for a line of questioning of a key witness in that case.  See Exhibit C to Gilbratar's Response [DE 59-3].  TD Bank argues that the reason given by Trustee's counsel, the joint interest doctrine, cannot trump the direct conditions set by this Court for the Trustee's special access.  TD Bank seeks various forms of remedial relief, listed at pages 11 and 12 of its Response and Cross Motion [DE 65].  In its cross-motion, Platinum asserts that the Trustee himself violated this Court's Order in a deposition in one of the bankruptcy adversary proceedings by testifying about what Rothstein told him about Frank Preve.  Platinum seeks this Court to order that the Trustee and his counsel submit to discovery regarding any disclosures made to civil plaintiffs and set a date to determine appropriate sanctions.

This Court takes seriously these allegations regarding possible violations of its order setting conditions upon the Trustee's special access to Scott Rothstein.  Therefore, although such a response is likely forthcoming, the Court will set a date certain for the Trustee and his counsel to respond to the cross-motions.

### III.  CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Trustee's Motion to Amend Writ of Habeas Corpus Ad Testificandum [DE 53] is hereby **DENIED** as to the request for a continuance;

2. A ruling on the alternative relief of bifurcation is hereby **DEFERRED**;

3. Those parties who believe that they have sufficient cause to participate in a second deposition of Scott Rothstein shall meet and confer with the Trustee, who shall submit a motion for a second deposition by January 18, 2012, with prior consultation as to scheduling and security protocols with the Government and counsel for Scott Rothstein;

4. Gilbraltar Private Bank & Trust Company's Cross-Motion to Compel the Government to Produce Scott Rothstein Under Conditions that are Fair [DE 83] is hereby **DENIED**;

5. The Trustee and Trustee's counsel shall respond to TD Bank, N.A.'s Cross-Motion for Remedial Relief Related to Unauthorized Disclosure of Information [DE 79] and Platinum Partners Value Arbitrage Fund LP's Cross-Motion for Discovery and Sanctions regarding RRA Trustee's Violation of Court Order [DE 81] by December 9, 2011;

6. Any requests for relief that pertain to discovery in other cases are denied, without prejudice, as being outside the scope of this action, which is limited to the issuance of a writ of habeas corpus ad testificandum.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 28th day of November, 2011.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

cc:  copies to counsel of record on CM/ECF
(Trustee's counsel shall forward this Order to any party
not receiving notice via CM/ECF