UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61338-CIV-COHN

In Re: ROTHSTEIN ROSENFELDT ADLER, P.A.,

Debtor.
_____/

**ORDER GRANTING TD BANK'S CROSS-MOTION FOR
REMEDIAL RELIEF AND DISCOVERY
ORDER DENYING PLATINUM PARTNERS' CROSS-MOTION FOR
DISCOVERY AND SANCTIONS**

**THIS CAUSE** is before the Court upon TD Bank, N.A.'s Cross-Motion for Remedial Relief Related to Unauthorized Disclosure of Information [DE 79], Platinum Partners Value Arbitrage Fund LP ("Platinum")'s Cross-Motion for Discovery and Sanctions regarding RRA Trustee's Violation of Court Order [DE 81], the Trustee's Response to the Cross-Motions [DE 93], TD Bank's Reply [DE 98], Platinum's Reply [DE 97] and the Trustee's Supplement and Notice of Filing [DE 99]. The Court has carefully considered all of the filings in this matter, and is otherwise fully advised in the premises.

**I. BACKGROUND**

Scott Rothstein ("Rothstein"), the central figure in a criminal action brought by the United States of America regarding fraudulent activities undertaken by Rothstein while he controlled the now bankrupt law firm of Rothstein, Rosenfeldt & Adler, P.A. ("RRA"), was to be the subject of a deposition in the RRA bankruptcy action and various civil actions by Order of this Court [DE 32], after lengthy negotiations among the parties

involved and upon the recommendation of the Bankruptcy Court.[1]  TD Bank and Platinum, two of the private parties involved as defendants in a related civil action filed against them by defrauded Rothstein investors, filed cross-motions in this action for remedial relief related to the allegedly unauthorized disclosure of information by the Bankruptcy Trustee's counsel and the Trustee.  In its July 1, 2011 Order, the Court had authorized the Trustee to interview Scott Rothstein in advance of his deposition because of the Trustee's statutory deadline of November 10, 2011 to file additional adversary actions.  However, the Court only granted the Trustee this special access to the incarcerated Scott Rothstein after Trustee's counsel "confirmed in open court that the Trustee and his counsel will treat their notes of an interview with Rothstein as work-product, will not obtain an affidavit or declaration from Rothstein to use against the adversary case defendants, and will not share the information gleaned from Rothstein with the plaintiffs in the civil cases."  July 1 Order at 7 [DE 32]; In re RRA, 2011 WL 2620187, *4.

## II.  DISCUSSION

### A.  TD Bank Cross-Motion

TD Bank alleges that the Trustee's counsel shared information with counsel for the Coquina plaintiffs in a civil action presently before Judge Cooke – information that formed the good faith basis for a line of questioning of a former TD Bank employee in

---

[1] For the full background of this action, please see the Court's prior Orders at docket entries 32 and 50.  In re Rothstein Rosenfeldt Adler, P.A., 2011 WL 2620187 (S.D. Fla. July 1, 2011); In re Rothstein Rosenfeldt Adler, P.A., 2011 WL 3903567 (S.D. Fla. Sept. 6, 2011).  The deposition began on December 12, 2011.

that case.² TD Bank argues that the reason given by Trustee's counsel for disclosure, the joint interest doctrine, cannot trump the specific conditions set by this Court for the Trustee's special access to Rothstein. TD Bank seeks various forms of remedial relief for the violation, including a Court finding that the Trustee violated the Court's Order, as well as discovery from the Trustee and counsel to determine the scope and extent of the disclosures.

In opposition to this cross-motion, counsel for the Trustee explains that the disclosure made to counsel for the Coquina plaintiffs was part of the settlement between the Trustee and Coquina of an adversary action. Counsel states that in the rush to expedite approval of this settlement by the bankruptcy court, he "forgot" the pledge he made to the Court not to disclose the information, and while sincerely apologizing to the Court, further defends the disclosure under the joint interest doctrine. The Trustee contends that the legal basis for non-disclosure of the interview, the work product privilege, is subject to the joint interest doctrine exception, in that once the settlement occurred, the Trustee and Coquina's interests were aligned against TD Bank. In addition, the Trustee's actions were in furtherance of the Trustee's statutory obligation to marshal assets for the bankruptcy estate, as the Trustee has a stake in a successful action by Coquina against TD Bank. Finally, the Trustee also argues that TD Bank has not been prejudiced because the specific disclosure at issue regarding an

---

² The information was used at sidebar at trial before Judge Cooke to lay the foundation for certain questions made by Coquina's counsel to witness Frank Spinosa, a former TD Bank employee allegedly paid by Rothstein to help Rothstein obtain paperwork from TD Bank to legitimize Rothstein's Ponzi scheme. Spinosa proceeded to invoke his Fifth Amendment privilege before the jury and did not answer any of the questions.

allegation Rothstein made against Frank Spinosa, the <u>Coquina</u> trial witness in question, had been previously alleged in court papers by a different plaintiff in another action, and must have already been known to TD Bank. In reply, TD Bank contends that the admission by counsel for the Trustee of the disclosure is not an excuse that constitutes a sufficient defense to the limited relief sought by TD Bank, and that TD Bank has already been prejudiced because the disclosure buttressed Coquina's evidentiary presentation at an ongoing trial.[3]

There is no question that this Court has the power to address the Trustee's counsel's disclosures. "A court retains the authority to enforce its orders and judgments." <u>In re Martin</u>, 490 F.3d 1272, 1275 (11th Cir. 2007) (citing <u>Jove Engineering, Inc. v. I.R.S.</u>, 92 F.3d 1539, 1553 (11th Cir. 1996)). There is also no dispute that a disclosure of information learned from the special access interview of Rothstein occurred, in violation of this Court's July 1 Order. Whatever valid strategic reasons counsel for the Trustee believed he had to share the information under the joint interest doctrine, the rather simple issue here is that counsel promised this Court he would not share the information with plaintiffs but he intentionally did so anyway. Most importantly, <u>this Court granted special access, over objections, based upon the representation of counsel that he would not share the information</u>. Therefore, while the Court takes counsel for the Trustee at his word that he "forgot" his promise, the Court

---

[3] The Court notes that counsel for the Trustee has supplemented the response to the cross-motion by noting that Judge Cooke has denied TD Bank's motion for a mistrial after TD Bank made similar arguments to Judge Cooke [DE 99]. This Court takes no position on any issue before Judge Cooke – the issue before this Court is limited to whether its own order was violated.

must enforce its orders and grant remedial relief to TD Bank.

## B. Platinum Cross-Motion

In its separate cross-motion, Platinum asserts that the Trustee himself violated this Court's Order by testifying on November 9, 2011 in a deposition in one of the bankruptcy adversary proceedings about what Rothstein told him about a person named Frank Preve. Exhibit A to Cross-Motion [DE 74-1]. The transcript reveals that after an initial hesitation, the Trustee stated that he did not believe the information was privileged. Transcript at 74 [DE 74-1 at 3]. The Trustee's counsel, along with the plaintiffs' counsel asking the questions, narrowed the scope of the answers to "the facts he learned" from Rothstein. Id. at 75. The Trustee proceeded to answer questions regarding Frank Preve's involvement with Rothstein's use of settlement agreements in the fraud scheme. Id. at 76-80.

The Trustee contends in his response to the cross-motion that the Court's Order did not address whether the Trustee could answer questions under oath in a contested matter before the Bankruptcy Court that was to go to trial several days later. The Trustee also points out that multiple counsel for Platinum Partners were present at the deposition and did not object to any questions regarding the Trustee's interview of Scott Rothstein. Finally, the Trustee notes that any potential prejudice to Platinum Partners will be eliminated when it completes their examination of Rothstein at the ongoing deposition.

This Court concludes that while it has the authority to enforce its order, the circumstances of the Trustee's disclosure, under oath in a deposition in which Platinum Partners' counsel was present, are sufficiently different from the private disclosure to

5

the Coquina plaintiffs so as to not warrant remedial relief with regard to the Trustee's deposition testimony on November 9, 2011.  The Trustee or his counsel should have raised an objection to the question based upon the conditions this Court set forth in its July 1 Order allowing the special access, and sought this Court's approval before answering questions about what the Trustee learned from that interview of Rothstein.  However, under the specific circumstances of the disclosure made at the deposition, the Court denies Platinum Partners' cross-motion.[4]

### C.  Remedial Relief

The Court will award TD Bank's requested remedial relief.  The Court hereby finds that in sharing the information obtained from the Rothstein interview with counsel for Coquina, counsel for the Trustee violated both his commitment to the Court and the terms of the Rothstein Writ Order [DE 32].  The Trustee shall identify in writing, by name, address and relationship to the Trustee, all persons who participated in the Rothstein special access interview, and thereafter disclose to TD Bank all of the information shared with any civil plaintiff or third party, and identify each such party by name, address and relationship to the case, without limitation and without regard to any claim of work product, common interest or other privilege.  In addition, the Trustee shall submit each such person participating in the Rothstein interview for deposition under oath, limited to the scope and extent of the dissemination of information gleaned in the interview to counsel or any representative of Coquina, or any other actual or potential plaintiff in any pending or threatened civil action against TD Bank arising out of or

---

[4]  The Court notes that the relief sought by Platinum is similar to the relief sought by TD Bank.

related to the RRA Ponzi scheme.  The Trustee and his counsel shall not communicate, share or provide to any actual or prospective civil plaintiff or other third party any information in any form that they obtained in the Rothstein interview.  TD Bank shall be entitled to its attorney's fees for filing of its cross motion and reply, as well as its participation at and preparation for the depositions.

### III.  CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. TD Bank, N.A.'s Cross-Motion for Remedial Relief Related to Unauthorized Disclosure of Information [DE 79]  is hereby **GRANTED**;

2. Platinum Partners Value Arbitrage Fund LP ("Platinum")'s Cross-Motion for Discovery and Sanctions regarding RRA Trustee's Violation of Court Order [DE 81] is hereby **DENIED**;

3. By December 28, 2011, the Trustee shall identify in writing, by name, address and relationship to the Trustee, all persons who participated in the Rothstein special access interview;

4. By January 4, 2012, the Trustee shall disclose to TD Bank all of the information shared with any civil plaintiff or third party, and identify each such party by name, address and relationship to the case, without limitation and without regard to any claim of work product, common interest or other privilege;

5. By January 20, 2012, in scheduling consultation with counsel for TD Bank, the Trustee shall submit each such person participating in the Rothstein interview for deposition under oath, limited to the scope and extent of the dissemination of

information gleaned in the interview to counsel or any representative of Coquina, or any other actual or potential plaintiff in any pending or threatened civil action against TD Bank arising out of or related to the RRA Ponzi scheme;

6. The Trustee and his counsel shall not communicate, share or provide to any actual or prospective civil plaintiff or other third party any information in any form that they obtained in the Rothstein interview;

7. TD Bank shall be entitled to its reasonable attorney's fees for filing of its cross motion and reply, as well as its participation at and preparation for the depositions;

8. The Court retains jurisdiction to enforce this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 22nd day of December, 2011.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

cc: copies to counsel of record on CM/ECF