UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

IN RE:

ROTHSTEIN ROSENFELDT ADLER, P.A.

Debtor.

CASE NO. 11-61338-CIV-COHN

**JEFFREY EPSTEIN'S MOTION FOR A WRIT OF HABEAS CORPUS AD TESTIFICANDUM TO DEPOSE SCOTT ROTHSTEIN AND TO BE INCLUDED IN THE NEXT SESSION OF ROTHSTEIN'S DEPOSITION**

COMES NOW, Jeffrey Epstein, by and through his undersigned counsel, and hereby files this Motion for Writ of Habeas Corpus Ad Testificandum in order to depose SCOTT ROTHSTEIN ("Rothstein") and states:

## I. PROCEDURAL HISTORY

1. Jeffrey Epstein has a claim for damages against Scott Rothstein and his former partner, Bradley J. Edwards, for acts committed by them to use pending litigation of clients of Rothstein Rosenfeldt Adler, P.A. ("RRA"), against Jeffrey Epstein ("Epstein Litigation") to advance the Ponzi scheme, which is also one of the Ponzi schemes being addressed in the RRA Bankruptcy. Epstein's lawsuit is styled *Jeffrey Epstein v. Scott Rothstein and Bradley J. Edwards*, in the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, Case No. 502009CA040800XXXXMB ("Epstein State Case"). A copy of Epstein's Corrected Second Amended Complaint is attached as Exhibit "1."

2. The Honorable Judge David F. Crow, the presiding Judge for *Epstein v. Rothstein and Edwards*, has entered an Order granting leave to Epstein to take Rothstein's deposition. *See* Exhibit "2."

3. The Honorable Judge Raymond Ray is presiding over the bankruptcy proceedings for RRA, Case No. 09-34791-BKC-RBR.

4. Commencing in July 2010, Epstein sought relief from the Bankruptcy Court to obtain documents under the control of the Trustee in Bankruptcy, Herbert Stettin ("Trustee"). *See* BDE: 807, 888, 1013, 1068, and 1260.[1]

5. On July 1, 2011, this Court authorized Rothstein's deposition (D.E. 32). On November 28, 2011, this Court deferred ruling on the issue of bifurcation and allowed parties with sufficient cause to file a motion for a second deposition (D.E. 85). Subsequently, this Court directed an expedited response to the Trustee's Motion for a Second Deposition. That Order was not limited to parties in the bankruptcy proceeding (D.E. 106).

6. Epstein sought leave of the Bankruptcy Court to take the deposition of Scott Rothstein on December 1, 2011 (BDE 2435). At that time, Judge Ray denied the Motion without prejudice, because there was no time in the schedule to depose Mr. Rothstein (BDE 2511). At that time the Trustee raised no objection other than that the schedule was full.

7. On January 11, 2011, Epstein filed a renewed Motion to Depose Scott Rothstein and initially the Trustee did not object as long as it did not interfere with the depositions in the adversary proceeding (BDE 2561). However, in pleadings before this Court filed on January 18, 2012 (D.E. 104, par. 3), the Trustee has taken the position that Epstein should not be part of this second round of depositions because the Trustee says the RRA Estate has no financial interest in

[1] Docket entries in Bankruptcy will be (BDE ___). Docket entries in this Court Case, 11-61338, will be (D.E. ___).

the Epstein State Case and because the Trustee does not see how Rothstein, a party in the Epstein State Case, is relevant to that case.

8. On February 1, 2012, Epstein's Renewed Motion was heard before the Honorable Judge Ray. Judge Ray denied the Motion without prejudice to Epstein to seek leave of this Court to be allowed to participate in this upcoming deposition.[2]

9. The Epstein lawsuit against Rothstein and Edwards arises out of the same nucleus of operative facts that relate to the Ponzi scheme involving the Razorback parties, which is more fully set forth below in paragraph 14 (3) below.

10. Epstein respectfully submits that the principles of judicial economy and compliance with the security concerns of the United States relating to Rothstein, makes it practical and expedient to allow Epstein to depose Rothstein in tandem with or in connection to the proceedings in the Bankruptcy Court.

## II. GOVERNMENT'S CUSTODY AND CONTROL OF ROTHSTEIN SUPPORTS THE ISSUANCE OF A WRIT AND SUPPORTS EPSTEIN'S REQUEST TO BE PERMITTED TO DEPOSE ROTHSTEIN AT THE TIME HE IS MADE AVAILABLE FOR THE BANKRUPTCY PARTIES' DEPOSITION

11. Rothstein was convicted of various offenses and sentenced to 50 years incarceration in *United States v. Rothstein*, Criminal Case No. 09-60331-CR-COHN. Under most circumstances, a party seeking the testimony of an inmate could simply schedule the deposition at the prison where the inmate is incarcerated. In this case, however, due to extraordinary security procedures for Rothstein, who is believed to be in the witness protection program, Epstein does not know Rothstein's whereabouts in order to otherwise arrange for his

[2] Written Order and Docket Entry were not available at the time of this submission.

deposition. As requested by other parties in the Bankruptcy proceeding, Epstein requests that the government identify who has custody and control of the prisoner so that a writ can be directed to the appropriate official. *See U.S. v. Rinchack*, 820 F.2d 1557, 1567, n. 13 (11th Circuit, 1987) (providing that a writ of habeas corpus ad testificandum is directed to the custodian of the prisoner from whom testimony is sought).

## III. THE LEGAL STANDARDS FOR GRANTING LEAVE TO EPSTEIN TO DEPOSE ROTHSTEIN AND FOR ISSUANCE OF THE WRIT

12. Rule 30(a)(2)(b), Federal Rules of Civil Procedure provides that leave of the court is required to conduct a deposition if the deponent is confined in prison. As noted above, while the undersigned counsel has not been able to confirm that Rothstein is presently confined in a Federal prison, counsel believes that it is a reasonable assumption to make and thus seeks leave of this Court to conduct his deposition. *See Miller v. Bluff*, 131 F.R.D. 698 (M.D. PA 1990).

13. In determining whether or not to issue a writ of habeas corpus ad testificandum, most courts consider an eight-prong test set out in *Stone v. Morris*, 546 F.2d 730, 735 (7th Circuit 1976). The eight factors are:

1) The cost and inconvenience of transporting the prisoner from his place of incarceration to the courtroom;

2) Any potential danger or security risks which the presence of the prisoner would pose to the court;

3) Whether the matter at issue is substantial;

4) The need for an early determination;

5) The possibility of delaying the trial until the prisoner is released;

6) Probability of success on the merits;

7) The integrity of the correctional system; and

8) The interest of the inmate in presenting his testimony in person rather than by deposition.

14. An examination of the eight prongs supports the issuance of a writ in this case on behalf of Epstein:

1) The cost and inconvenience of transporting Rothstein to a suitable location is modest if Epstein is allowed to share in the costs and bear a pro rata share of the cost of transporting and deposing Rothstein rather than requiring Epstein to proceed separately.

2) The potential danger or security risk of the presence of Mr. Rothstein to the Court is not relevant, because Mr. Rothstein will not be before the Court, and the latest proposal by the government has him testifying by videoconferencing.

3) The matter at issue is substantial. Rothstein is a key figure with personal knowledge of material facts relating to the claims of Jeffrey Epstein against Rothstein and against Bradley Edwards. Some of the relevant documents that Epstein has obtained show, among other things, that Rothstein was actually involved in supervising and/or managing the Epstein cases, that the Rothstein firm developed a strategy to go after those persons closest to Epstein, and that RRA files of the Epstein cases were shown by Rothstein to the Razorback investors. *See* Exhibit "3" which is a portion of Rothstein's testimony given in December 2011 in the bankruptcy proceeding.

4) There is a substantial need for an early determination that Rothstein's deposition may be taken either as part of the Bankruptcy depositions or separately. Epstein's

claim against Rothstein and Edwards was filed on December 7, 2009, so it has been pending for over two years. The proceedings in the Epstein State Case have not been able to move forward due in part to the inability of Epstein to seek leave to depose Rothstein. Previously, the United States successfully opposed any effort to depose Rothstein, until December 2011. So Epstein's request is timely. While reasonable requests to extend discovery in the Epstein State Case have and may continue to occur, discovery cannot be extended until Rothstein completes his 50 year sentence. It is essential that Epstein be able to ask Rothstein to authenticate the documents authored by Rothstein and to question him about his actions in marketing the Epstein Litigation to the Razorback investors.

5) The possibility of delaying Rothstein's deposition until he is released does not exist given the 50 year sentence he has received from this Court. It is unknown at this time whether that sentence will be reduced through cooperation.

6) Factors 6, 7, and 8 are not relevant, because Mr. Rothstein is not seeking the writ in this litigation.

## IV. THE CIRCUIT COURT OF THE STATE OF FLORIDA LACKS AUTHORITY TO ISSUE WRITS OF HABEAS CORPUS TO FEDERAL PRISONERS

15. Florida State courts do not have jurisdiction over Federal prisoners.

16. It appears, as previously pointed out to this Court, that there is doubt whether the Bankruptcy Court has jurisdiction to issue the Writ of Habeas Corpus, thus resulting in this matter being brought before this Court. The Bankruptcy Court has already certified to the District Court that a writ of habeas corpus should be issued for the deposition of Rothstein.

17. Epstein is petitioning the District Court directly to issue the Writ of Habeas Corpus Ad Testificandum. *Poole v. Lambert*, 819 F.2d 1557, 1567 (11th Circuit 1987). Moreover, Epstein is requesting, due to judicial economy and the security reasons offered by the United States government, for leave to participate in this deposition with the Bankruptcy parties.

## V. JUDICIAL ECONOMY

18. Epstein respectfully submits that even though he is not a party in the Bankruptcy proceedings, it makes practical sense from the point of view of judicial economy and the security concerns raised by the United States government that Epstein be permitted to depose Rothstein as part of the Bankruptcy proceedings. As indicated above, the same nucleus of facts relating to one of the Ponzi schemes present in the Bankruptcy proceedings is also present within the Epstein litigation. Clearly, it would not be fair for Epstein to proceed in the Epstein State Case in the absence of Rothstein's testimony, who is also a party. It is doubtful that the government would make Rothstein available for deposition if Epstein was proceeding by himself to obtain the Writ of Habeas Corpus Ad Testificandum. In this case, given that Rothstein may be made available so that bankruptcy matters can proceed, the addition of Epstein, when the issues in the Epstein State Case arise out of the same operative facts and circumstances, makes sense and is not burdensome. In addition, Epstein is willing to pay a pro rata share of the expenses of transporting Rothstein for this deposition and for the cost of the deposition.

## VI. OBJECTIONS TO COURT ORDER

19. Epstein has no objections to the protocols established by the Trustee or the government and is willing to abide by them if the Court grants him leave to depose Rothstein.

## LOCAL RULE 7.1 CERTIFICATION

The undersigned counsel certifies that he has spoken with the Trustee, who objects to the participation of Epstein and has so stated in his pleadings (D.E. 104). The undersigned counsel certifies that he has spoken to counsel for Edwards, a party in the State litigation, who has authorized the undersigned to represent that they have no objection to this Motion as long as the protocol of the Trustee and government is followed. The undersigned certifies that he has requested the U.S. government's position, but has not received a response as of the date of this Motion. However, the U.S. government, by Order of this Court (D.E. 106) will be filing a reply and such response can be considered at that time.

WHEREFORE, for the reasons set forth above, Jeffrey Epstein requests this Court issue a Writ of Habeas Corpus Ad Testificandum and allow Jeffrey Epstein to depose Rothstein as part of the Bankruptcy deposition; alternatively, Epstein requests the Writ of Habeas Corpus Ad Testificandum be issued at a time, place and manner suitable to the government for Scott Rothstein's deposition.

Dated: February 1, 2012.

Respectfully submitted,

s/John S. Graham

John S. Graham
Florida Bar No. 52147
jgraham@fowler-white.com
Joseph L. Ackerman, Jr.
Florida Bar No. 235954
jackerman@fowler-white.com
FOWLER WHITE BURNETT, P.A.

FOWLER WHITE BURNETT, P.A.
Counsel for Jeffrey Epstein
901 Phillips Point West
777 South Flagler Drive
West Palm Beach, Florida 33401
Telephone: (561) 802-9044
Facsimile: (561) 802-9976

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 1, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing, and by U.S. Mail to:

Jack Scarola, Esq.
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Blvd.
West Palm Beach, FL 33409

Jack Alan Goldberger, Esq.
Atterbury, Goldberger & Weiss, P.A.
250 Australian Ave. South, Suite 1400
West Palm Beach, FL 33401-5012

Marc S. Nurik, Esq.
Law Offices of Marc S. Nurik
One East Broward Blvd., Suite 700
Fort Lauderdale, FL 33301

Lawrence D. LaVecchio, Esq.
U.S. Department of Justice
500 E. Broward Blvd., Suite 700
Fort Lauderdale, FL 33394

s/John S. Graham
John S. Graham, Esq.