UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61338-CIV-COHN

In Re: ROTHSTEIN ROSENFELDT ADLER, P.A.,

　　Debtor.
_____/

## ORDER GRANTING THE MOTIONS OF THE TRUSTEE AND JEFFREY EPSTEIN TO ISSUE A WRIT OF HABEAS CORPUS AD TESTIFICANDUM

**THIS CAUSE** is before the Court upon Trustee Herbert Stettin's Motion for Writ of Habeas Corpus Ad Testificandum for Second Deposition of Scott Rothstein [DE 104], Brian Levy's Motion to Take the Deposition of Scott Rothstein [DE 107], Jeffrey Epstein's Motion for a Writ of Habeas Corpus Ad Testificandum to Depose Scott Rothstein and to be included in the Next Session of Rothstein's deposition [DE 120], the responses to the Trustee's Motion of the Brauser Adversary Defendants [DE 108], the Insurance Companies [DE 109],[1] Emess Capital, LLC [DE 110], Ballamor Capital Management, Inc. (and LLC) and Barry Bekkedam [DE 111], National Union Insurance Company of Pittsburgh [DE 112], SFS Funding, LLC, Frank Preve, and Preve and Associates, LLC [DE 113], SPD Group, Inc. [DE 114], Michael Kent and Mikent, Inc. [DE 115], the Regent Defendants [DE 116],[2] H&N Associates, Jacob Mussry, Nassim Mussry, Scott Morgan, Harvey Wolinetz, Viceroy Global Investments, Inc., and Concorde Capital, Inc. [DE 118]

---

[1] These companies are RLI Insurance Company, Columbia Casualty Company, Zurich American Insurance Company, Ironshore Indemnity Co., Westchester Insurance Company, and St. Paul Fire and Marine Insurance Company.

[2] The Regent Defendants are Regent Capital Partners, LLC, Laura Huberfeld, Murry Huberfeld, Naomi Bodner, David Bodner, the Bodner Family Foundation, Dahlia Kalter and Mark Nordlicht.

and Razorback Funding, LLC ("Razorback Victims") [DE 119], along with the Government's Reply [DE 124] and the Trustee's Reply [DE 125]. The Court has carefully considered all of these filings and the entire record in this action, has heard the argument of counsel at today's hearing, and is otherwise fully advised in the premises.

## I.  BACKGROUND[3]

Scott Rothstein ("Rothstein"), the central figure in a criminal action brought by the United States of America regarding fraudulent activities undertaken by Rothstein while he controlled the now bankrupt law firm of Rothstein, Rosenfeldt & Adler, P.A. ("RRA"), was examined in the RRA bankruptcy proceeding and deposed by various parties in some of the related civil actions pending in federal and state courts from December 12 through December 22, 2011, by Order of this Court. These parties previously had filed motions to depose Rothstein in the RRA bankruptcy proceeding, resulting in the Bankruptcy Court Order certifying the Order to this Court for its approval, as Rothstein is currently serving a sentence imposed by this Court in Case No. 09-60331-CR.

Just prior to the deposition, in conjunction with its statutory duties and deadlines, the Trustee filed additional adversary actions against numerous parties. Some of those parties sought to be included in the December deposition of Scott Rothstein, but due to the time needed to complete security protocols, those parties were not able to be accommodated. On November 28, 2011, this Court denied the Trustee's motion to

---

[3] For additional background, the Court refers the parties to its Orders entered at docket entries 32, 50, and 85, available at In re RRA, 2011 WL 2620187 (S.D. Fla. July 1, 2011); In re RRA, 2011 WL 3903567 (S.D. Fla. Sept. 6, 2011); In re RRA, 2011 WL 5914242 (S.D. Fla. Nov. 28, 2011), respectively.

continue the December deposition and deferred ruling on the motion to bifurcate the deposition, stating:

> Any party who demonstrates a need to participate in a deposition of Scott Rothstein who is unable to participate in the December session because of the security restrictions imposed by the Marshal's Service, shall be afforded an opportunity to make a separate application for another deposition in early spring of 2012. Simply being sued by the Trustee in an adversary action is not by itself sufficient cause. Those parties who believe that they have sufficient cause to participate in a second deposition of Scott Rothstein shall coordinate their requests with the Trustee, who shall file a motion for such relief by January 18, 2012.

The Trustee, along with two other parties, have now moved the Court to issue a writ for a second deposition of Scott Rothstein.

## II.  DISCUSSION

The Trustee proposes a ten day deposition of Scott Rothstein, broken up into smaller depositions pertaining to 29 of the 122 bankruptcy adversary actions. Upon agreement with the Government, the second deposition would take place from June 4 through June 15, 2012, will be taken by video-conference and will not be videotaped. No party opposes the deposition taking place. As the Court stated in today's hearing, before addressing the objections to the manner in which the Trustee and Government propose to take the deposition (by video-conferencing without videotaping), the time limits to be placed upon the parties' time to question Rothstein, and whether particular parties will be part of this deposition, the Court first concludes that it will grant the Trustee's motion and will set the deposition of Scott Rothstein for the ten business day period from June 4 through June 15, 2012.

### A.  No Video-taping

Various parties filed responses and presented oral argument objecting to the lack of videotaping of the depositions.  These objections focused on the importance of a jury seeing critical non-verbal credibility information about Rothstein's demeanor in answering questions.  While the Court recognizes the validity of this argument, as previously stated in its September 6 Order, the Government has shown good cause and specifically identified a serious harm to justify elimination of videotaping of Rothstein's deposition. The Court incorporates its prior analysis and conclusion on this issue.  In re RRA, 2011 WL 3903567, *2 (S.D. Fla. Sept. 6, 2011).

### B.  Use of Video-Conference

Although some parties raised an objection to the use of video-conference in their responses to the Trustee's motion, no further argument was made on this point at the hearing.  The logistics of allowing an in-person deposition, such as took place in December at the first deposition of Scott Rothstein, are significant and create a substantial financial and resource burden on the United States Marshal's Service.  The Court finds that no party will be prejudiced by using video-conferencing, which allows the witness to remain in an undisclosed location.  As for the issue regarding how to get documents to the witness ahead of the deposition, the Government states that it will facilitate counsel's sending of documents to Rothstein for use in questioning him during the deposition.[4]  This Court leaves the logistics of any deadline for identification of such

---

[4]  One party raised an issue not addressed by the Trustee or the Government or brought up at the hearing, which is who else is going to be with Rothstein at his end of the video-conference.  The Court assumes that the only person who could possibly be there would be Rothstein's counsel.  The Court will leave that decision up to Rothstein's

documents to the parties to negotiate and for Judge Ray to include in a protocol governing the deposition.

### C.  Time Limits

The Insurers, National Union, the Ballamor Defendants, Frank Preve and SFS Funding, the Brauser Adversary Defendants, and the Regent Defendants all object to the time limits placed upon their questioning of Rothstein as violations of Fed. R. Civ. P. 30 or infringements on their due process rights.  The Trustee proposes that the ten days be broken up into 29 separate depositions – one for each adversary case, although some of those cases can be consolidated.  The Trustee proposed that the questioning attorneys rotate into the video-conference room, so that each deposition is separate from the others.

The Insurers argue that their opponents in a separate coverage action involving their insured, Banyon,[5] had the opportunity to question Rothstein in person and at length in December and therefore the Insurers should have the same opportunity.  They seek a total of 11.5 hours among the eight insurance companies.  They contend that Judge Ray, in denying without prejudice their motion to depose Rothstein, signaled that he believed that no court would deny due process to such defendants.  See DE 109 at pp. 2-3.  The Trustee notes that counsel for the Insurers were present in December at the first deposition, but agrees they were not able to ask questions.   If they are able to

---

counsel.  The Court does not expect either the Government's counsel or the stenographer to be at Rothstein's location.

[5] There are two actions pending between these parties before other courts, both of which are stayed because Banyon is in involuntary bankruptcy.

participate, the Trustee contends that their time should be limited further by having one counsel ask questions for all the insurance companies, and be directed not to repeat areas already covered in the first deposition.  The Trustee contends that a full transcript of the first deposition should be deemed admissible for use in their litigation.

At the hearing, the Insurers contended that they are each entitled to question Rothstein, as conflict among the insurers is possible.  They note that collectively there is $80 million of exposure at stake.  As the Court made clear, it does not have the authority to make evidentiary rulings that extend to other cases before other courts.

The Government's Reply addresses the time limit issue by stating that the first deposition resulted in 2,900 pages of testimony, and that repetitive testimony should not be allowed if the litigants all agree that the deposition can be utilized in all proceedings. The Government cites to In re Katrina Canal Breaches Consolidated Litigation, 2008 WL 4936734 (E.D. La. 2008), in which the district court cited Fed. R. Civ. P. 26(b)(2) as giving it the authority to impose limitations on the length of depositions allowed under Rule 30.  That case involved a 50 year history of alleged Army Corps negligence leading up to the catastrophic loss of life and property after Hurricane Katrina.  That court limited the depositions to 8 business days.

Given that Rothstein has already sat for ten days of deposition, albeit with regard to other litigation beyond the scope of the parties presently before the Court on this motion, an additional ten day period is more than sufficient for questioning of Rothstein on all of the adversary actions and non-bankruptcy actions involving the parties before the Court.  While this Court will not rule on how to parcel out the hours included in the ten day period, the Court is confident that the parties can either work together to divide

the time in a fair manner, or the matter is referred to Judge Ray to impose a schedule within any protocol adopted to govern the second deposition.

### D.  Who Can Participate

The remaining issue involves who can participate in this second deposition.  The Trustee states in his reply that he has no objection to the inclusion of SFS, Frank Preve and the Regent Defendants (Reply at 9); SPD Group (Reply at § VI, p.11); and, the Brauser Defendants, Ballamore Defendants, and Michael Kent (Reply at § VII, p.11). Therefore, those parties shall be included in the second deposition.[6]

The Trustee opposes the participation of the Insurer Defendants, stating that their action involving claims against Banyon has nothing to do with the Trustee's bankruptcy adversary actions.  The Trustee contends that he should not have to give up his deposition time to these private litigants in his efforts to obtain assets to benefit the creditors and victims of RRA .  However, as noted above, the insurers' opponents were able to question Rothstein in the first action.  This Court concludes that under these circumstances, the insurers have demonstrated a need to depose Scott Rothstein. However, as stated in the prior section, their participation is subject to time limitations imposed by Judge Ray in the protocols to be worked out by the parties and Judge Ray.

---

[6] The Court notes that the Trustee did not file any objection to Brian Levy's motion to be included in the second deposition.  Mr. Levy asserts that he sold his business to RRA and has been sued by the Trustee to return the proceeds of that transaction.  He alleges that the Trustee asked Rothstein questions about this transaction at the first deposition.  Mr. Levy also references February discovery deadlines in his adversary action before Judge Ray.  This Court concludes that it is best to defer a decision on Mr. Levy's motion to Judge Ray, who is in a better position to manage his docket.  The Court has no objection to Mr. Levy's participation in the second deposition if Judge Ray and/or the Trustee finds it necessary based upon due process grounds.

As to Emess Capital [DE 110] and certain Razorback Defendants [DE 118], the Trustee states in his reply that he "may be open to a very limited, collective deposition involving these parties." Reply at 10. This Court believes that these adversary defendants have demonstrated a need to participate, although that participation is subject to significant limitation in conjunction with this Court's referral to Judge Ray of the need for a scheduling protocol to divide the ten day period among the parties.

As for parties who participated in the first deposition, such as the Razorback victims [DE 119], the Trustee contends that further participation would open the door to several other parties who participated in the first deposition to seek additional involvement. The Razorback victims only seek further participation if their opponents in their private actions, the Insurers, are allowed to participate. However, because the Razorback victims already participated, the Court will grant them access to the deposition to observe the Insurers' questioning of Rothstein, but absent a demonstration of specific need, the Razorback victims will not be allowed to further question Rothstein.

Finally, the Trustee opposes the participation of Jeffrey Epstein on the grounds that his action has nothing to do with the bankruptcy actions and will open the floodgates to request by private parties to depose Rothstein. Mr. Epstein filed his own motion for writ of habeas corpus ad testificandum to question Rothstein regarding his separate state court action in Palm Beach County Circuit Court against Rothstein and former RRA partner Bradley Edwards for abuse of process. Epstein was the defendant in the cases that Rothstein used to create structured settlements that were used to perpetuate his Ponzi scheme. Epstein reports that he attempted to secure a deposition through his state court action, but the state court judge concluded he did not have the authority to

issue a writ.  The Government confirmed that while a state court judge can issue a writ, compliance with such a writ by the federal Bureau of Prisons is discretionary under federal regulations.  Epstein recognizes that absent this ongoing bankruptcy proceeding, his chances of obtaining access to depose Rothstein are small.

Upon a review of the record, Epstein's motion is supported by specific evidence that Rothstein had personal involvement in the civil actions filed against Epstein, which supported the Ponzi scheme.  Epstein has also undertaken all the steps he could take to secure Rothstein's deposition.  While it is somewhat fortuitous for him that the Trustee is seeking a second deposition for Rothstein at this time, the Court concludes that Epstein has met his burden to be included in this second deposition of Scott Rothstein.  Epstein's participation shall be subject to time limits set by the parties and Judge Ray.

## III.  CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Trustee Herbert Stettin's Motion for Writ of Habeas Corpus Ad Testificandum for Second Deposition of Scott Rothstein [DE 104] is hereby **GRANTED**;

2. Brian Levy's Motion to Take the Deposition of Scott Rothstein [DE 107] is hereby **DENIED without prejudice**, and to be decided by United States Bankruptcy Judge Raymond B. Ray;

3. Jeffrey Epstein's Motion for a Writ of Habeas Corpus Ad Testificandum to Depose Scott Rothstein and to be included in the Next Session of Rothstein's deposition [DE 120] is hereby **GRANTED**;

4. The Trustee shall prepare and forward to the Court a form of a Writ for Habeas Corpus Ad Testificandum;

5. The deposition of Scott Rothstein shall proceed for ten business days by video conference commencing June 4, 2012;

6. The deposition of Scott Rothstein shall NOT be videotaped;

7. The Trustee shall be responsible for coordinating the establishment of acceptable and appropriate protocols for the procedures and scheduling of the deposition subject to approval by United States Bankruptcy Judge Raymond B. Ray.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 13th day of February, 2011.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

cc:  copies to counsel of record on CM/ECF
(Trustee's counsel shall forward this Order to any party
not receiving notice via CM/ECF)