CLOSED, CMM, PART_CONS, REF_DISCOV, STAYED

## U.S. District Court
## Southern District of Florida (Ft. Lauderdale)
## CIVIL DOCKET FOR CASE #: 0:10-cv-60171-JAL

Razorback Funding, LLC v. Federal Insurance Company et al
Assigned to: Judge Joan A. Lenard
Referred to: Magistrate Judge Chris M. McAliley
Cause: 28:1332 Diversity-Breach of Contract

Date Filed: 02/04/2010
Date Terminated: 09/27/2010
Jury Demand: Plaintiff
Nature of Suit: 110 Insurance
Jurisdiction: Diversity

| Date Filed | # | Docket Text |
|---|---|---|
| 09/27/2010 | 98 | ORDER STAYING and ADMINISTRATIVELY CLOSING CASE. On September 20, 2010, the Court issued an Order to Show Cause (D.E. 92), directing the Parties to show cause why this case should not be stayed pursuant to the pending bankruptcy proceedings in *In Re BANYON 1030-32, LLC*, Case No. 10-33691-BKC-JKO and 11 U.S.C. sec. 362. On September 27, 2010, Defendant Harden & Associates, Inc. also reiterated its position that the case should be stayed. (*See* D.E. 96.) The same day, Plaintiff filed its response (D.E. 97) agreeing "no further proceedings should be taken in this case." Accordingly, pursuant to the automatic stay provisions of 11 U.S.C. sec. 362, it is ORDERED AND ADJUDGED that: (1) this action is STAYED pending the bankruptcy court's modification or termination of the automatic stay; (2) this case is ADMINISTRATIVELY CLOSED; (3) the Insurance Defendants' Amended Motion for Extension of Time 93 , is DENIED AS MOOT as they have now filed objections to the Magistrate Judge's Report; (4) Defendants' motions for extension of time to file objections 89 90 are DENIED AS MOOT; (5) Defendant Harden & Associates, Inc.'s Motion for Extension of Time and Determination Regarding Stay 91 is DENIED AS MOOT; (6) the Parties shall have thirty (30) days from the termination of the automatic stay to file a motion seeking to reopen this case; (7) the Parties shall have fourteen (14) days following the reopening of this case to file a notice indicating any currently pending motions still requiring resolution; and (8) the Parties shall have thirty (30) days following the reopening of this case to file any objections to the Magistrate Judge's Report 88 recommending remand. This entry constitutes the ENDORSED ORDER in its entirety. Signed by Judge Joan A. Lenard on 9/27/2010. (mhz) (Entered: 09/27/2010) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 09/29/2010 15:11:57 | | | |
| PACER Login: | gj0868 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 0:10-cv-60171-JAL Starting with document: 98 Ending with document: 98 |
| Billable Pages: | 2 | Cost: | 0.16 |



EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL INSURANCE
COMPANY, et al.,

        Plaintiffs,

v.                                    Case No. 8:10-cv-682-T-33AEP

BANYON 1030-32, LLC
BANYON FUNDING, LLC,
BANYON CAPITAL, LLC,
BANYON INVESTMENTS, LLC,
BANYON RESOURCES, LLC,
BANYON INCOME FUND, LP, and
BANYON USVI (DEL), LLC,

        Defendants.
_____/

### ORDER

This matter is before the Court pursuant to Defendant Banyon 1030-32, LLC's Suggestion of Involuntary Bankruptcy (Doc. # 66), which was filed on August 20, 2010. Defendant Banyon 1030-32, LLC represents that an involuntary Chapter 7 Bankruptcy Petition was filed by its creditors in the United States Bankruptcy Court for the Southern District of Florida under case number 10-33691-BK-JKO.

As there are numerous defendants in this case, this Court directs Plaintiffs to advise whether they elect to proceed against the non-bankrupt entities or, in the alternative, whether Plaintiffs elect to stay this matter in its entirety due to Defendant Banyon 1030-32, LLC's bankruptcy proceedings.

Accordingly, pursuant to 11 U.S.C. § 362(a), it is now

**ORDERED, ADJUDGED,** and **DECREED:**

1.  This case is **STAYED** and **ADMINISTRATIVELY CLOSED** as to Defendant Banyon 1030-32, LLC, **ONLY**. No further action will be taken as to Defendant Banyon 1030-32, LLC until such time as the bankruptcy court lifts the stay or the stay lapses.

2.  Plaintiffs shall notify the Court in writing on or before September 7, 2010, whether the action should proceed against the non-bankrupt entities or, in the alternative, whether the case should be stayed in its entirety.

   **DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23rd day of August 2010.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Parties of Record