UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61338-CIV-COHN

In Re: ROTHSTEIN ROSENFELDT ADLER, P.A.,

    Debtor.

_____/

### ORDER DENYING MOTIONS OF THE RAZORBACK VICTIMS

**THIS CAUSE** is before the Court upon the Razorback Victims' Motion for Issuance of Writ of Habeas Corpus Ad Testificandum [DE 136], the Razorback Victims' Motion for Clarification or, Alternatively, Motion Altering or Amending Order Granting the Motions of the Trustee and Jeffrey Epstein to Issue a Writ of Habeas Corpus Ad Testificandum [DE 137], the Trustee's Response [DE 138], Edward J. Morse's Response [DE 139/140], Morse Operations, Inc.'s Response [DE 141], and the Razorback Victims' Omnibus Reply [DE 142]. The Court has carefully considered all of these filings and the entire record in this action, and is otherwise fully advised in the premises.

### I. BACKGROUND[1]

Scott Rothstein ("Rothstein"), the central figure in a criminal action brought by the United States of America regarding fraudulent activities undertaken by Rothstein while he controlled the now bankrupt law firm of Rothstein, Rosenfeldt & Adler, P.A. ("RRA"), was examined in the RRA bankruptcy proceeding and deposed from December 12

---

[1] For additional background, the Court refers the parties to its Orders entered at docket entries 32, 50, 85, and 129, available at In re RRA, 2011 WL 2620187 (S.D. Fla. July 1, 2011); In re RRA, 2011 WL 3903567 (S.D. Fla. Sept. 6, 2011); In re RRA, 2011 WL 5914242 (S.D. Fla. Nov. 28, 2011); In re RRA, 2012 WL 463832 (S.D. Fla. Feb. 13, 2012).

through December 22, 2011, by various parties in some of the related civil actions pending in federal and state courts. These parties previously had filed motions to depose Rothstein in the RRA bankruptcy proceeding, resulting in the Bankruptcy Court certifying its order to this Court for its approval, as Rothstein is currently serving a sentence imposed by this Court in Case No. 09-60331-CR. Because the Trustee filed additional adversary actions against numerous parties just prior to the December deposition, the Trustee and several other parties sought a second deposition. On February 13, 2012, the Court granted the Trustee's motion and directed that a second ten-day deposition of Scott Rothstein would take place commencing June 4, 2012. See Order Granting the Motions of the Trustee and Jeffrey Epstein to Issue a Writ of Habeas Corpus ad Testificandum [DE 129]. The Court concluded that an additional ten day period was more than sufficient for questioning of Rothstein on all of the pending adversary actions and non-bankruptcy actions involving the relevant parties.

## II. DISCUSSION

In the February 13, 2012 Order, the Court noted that:

> As for parties who participated in the first deposition, such as the Razorback victims, the Trustee contends that further participation would open the door to several other parties who participated in the first deposition to seek additional involvement. The Razorback victims only seek further participation if their opponents in their private actions, the Insurers, are allowed to participate. However, because the Razorback victims already participated, the Court will grant them access to the deposition to observe the Insurers' questioning of Rothstein, but absent a demonstration of specific need, the Razorback victims will not be allowed to further question Rothstein.
>
> The Court did not address the Razorback Victims' reference to their separate

state court action against Edward J. Morse, Jr. and Ed Morse Automotive Group (collectively, "Morse Defendants"), filed during the first Rothstein deposition on December 13, 2011.  The Razorback Victims now seek an order allowing them to ask Rothstein questions about the Morse Defendants during the second deposition in June.  The relief is opposed by the Morse Defendants because: 1) the Razorback Victims already asked questions about the Morses during Rothstein's first deposition; 2) the underlying claims against the Morse Defendants in state court may be dismissed; and 3) granting this relief would circumvent local and state rules of civil practice.[2]

      The Razorback Victims contend that although they did ask Rothstein various questions about the Morse Defendants at the December deposition, they did so over objection of the Morses' counsel, and fear that this deposition testimony may not be admissible in their state court action.  They contend that Rothstein is the only witness to the Morses' alleged involvement in the underlying scheme, that no motion to dismiss has yet been filed in the underlying state court action, and that the Morse Defendants are simply seeking to thwart legitimate discovery.

      The Morse Defendants argue that the claims against them are weak and subject to dismissal from an upcoming (March 22) filing of a motion to dismiss in the underlying action in state court.  They assert that the Razorback Victims are circumventing state court rules and process by obtaining additional Rothstein testimony prior to the resolution

---

[2] The Trustee has no objection to the extent the Razorback Victims seek a third deposition or an extension of the ten day period set in the second deposition.  The Trustee states that if "the [Feb. 13, 2012] Order referenced is this Court's final position on the issue of Rothstein's second deposition, then the Trustee believes this is an issue the Court intended to reserve for Judge Ray." Trustee's Response at 1.

of a motion to dismiss.  Finally, they contend that the Razorback Victims have not shown sufficient cause to again question Rothstein given the early state of the underlying litigation.

The Razorback Victims attempt to favorably compare their situation to that of Jeffrey Epstein, a state court litigant whose motion to depose Rothstein was granted by this Court.  The Razorback Victims contend that they are "at the heart" of the Ponzi scheme as compared to Epstein.  However, there are some important distinctions between Epstein and the Razorback Victims.  First, Epstein's state court action against Rothstein and former RRA partner Bradley Edwards is further along.  Epstein attempted to secure a deposition through his state court action, but the state court judge concluded he did not have the authority to issue a writ.  As the Morse Defendants contend, the Razorback Victims have not obtained approval from the state court judge to take discovery in that action.  More importantly, that action still must go through the motion to dismiss stage.  The Morse Defendants argue that they are prejudiced if they have to defend this deposition prior to seeking dismissal of the claims.

As for the relative position of Epstein and the Razorback Victims, the Court disagrees that Epstein is on the "periphery" of the Ponzi scheme.  Rothstein had personal involvement in the civil actions filed against Epstein, which were the basis for the structured settlements that were used to perpetuate the Ponzi scheme.   Upon consideration of all of the arguments, the Court concludes that the Razorback Victims have not shown sufficient cause at this time to again depose Rothstein.

### III.  CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Razorback Victims' Motion for Issuance of  Writ of Habeas Corpus Ad Testificandum [DE 136] and the Razorback Victims' Motion for Clarification or, Alternatively, Motion Altering or Amended Order Granting the Motions of the Trustee and Jeffrey Epstein to Issue a Writ of Habeas Corpus Ad Testificandum [DE 137] are hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 20th day of March, 2012.

_____
JAMES I. COHN
United States District Judge

cc:  copies to counsel of record on CM/ECF
(Trustee's counsel shall forward this Order to any party
not receiving notice via CM/ECF)