UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61338-CIV-COHN

IN RE:

ROTHSTEIN ROSENFELDT ADLER, P.A.,

    Debtor.

_____/

### GOVERNMENT'S RESPONSE TO TRUSTEE'S MOTION TO EXTEND SECOND DEPOSITION OF SCOTT W. ROTHSTEIN

COMES NOW the United States of America, by and through its undersigned counsel, and files this Response to the Trustee's Motion to extend the second deposition of Scott W. Rothstein by an additional week (DE 149).

The government objects to the Trustee's Motion and respectfully submits that the two-week time period set forth in this Court's Writ (DE 135) is more than sufficient to meet the needs of the various parties, consistent with security concerns of the government given the unique factual circumstances of this case, as this Court previously found in its Order Granting the Motions seeking the aforesaid Writ (DE 129, p. 6).

In December 2011, the witness was questioned for ten days by various parties concerning all aspects of the fraudulent activity in which he was involved, including all manner of impeachment information, resulting in more than 2,900 transcript pages. On January 18, 2012, the Trustee filed his Motion seeking a second deposition of the witness for an additional ten-day period (DE 104), to which the government consented, albeit reluctantly. Thereafter, several parties filed objections which asserted that the protocol set forth in the Trustee's Motion did not provide them sufficient time to question the witness (DE 111, 112, 113, 116). The government filed its Reply to those

objections (DE 124) and, for the sake of brevity, relies upon the arguments and citations of authority set forth therein in opposing the instant Motion. On February 10, 2012, this Court held a hearing on the Trustee's Motion and, after hearing extensively from multiple parties, granted the Motion, allowing the deposition to take place and limiting its duration to ten business days.[1] Significantly, during the hearing, the Court heard objections lodged by a number of parties, including Jeffrey Epstein, the Brauser defendants, the Insurance Companies, Ballamor Capital, and the Preve defendants, on the basis that ten days were insufficient to depose the witness in light of the Trustee's position that he required that entire period to conduct depositions with respect to the pending adversary proceedings (Tr. pp.16-25). This Court, noting the 2900 transcript pages already available and recognizing that "reasonable limitations" were appropriate, found that "ten days of additional deposition time is reasonable. In fact, it may be overly reasonable..." (Tr. pp. 25-26). This Court persisted in that ruling notwithstanding the Trustee's assertion that the prior deposition testimony of the witness was largely unrelated to the pending adversary proceedings and in spite of his request that the time allotted for questioning by other third parties not be taken from the Trustee's allotted time (Tr. pp. 10-11, 31-33). Thus, the grounds advanced in the pending Motion, to a large extent, were previously considered and rejected by this Court.

The government respectfully suggests that, in light of the facts and circumstances set forth in its previous submission on this issue (DE 124), the two-week time period to which it previously agreed is more than sufficient to meet the due process needs of the litigants. The government respectfully submits that, if the litigants utilize their allotted time efficiently and avoid repetition of matters already developed during the prior examination of the witness (during which all manner of

---

[1] The docket in the instant case does not reflect the filing of a transcript of the February 2012 hearing. A copy of that transcript is therefore being submitted herewith and is designated herein as "Tr."

his conduct in the operation of the Ponzi scheme was exhaustively explored), ten additional days is more than sufficient.[2] In fact, allowing access to the witness for what will be a total of twenty business days is, in the experience of the undersigned, unprecedented for a witness in his position. Moreover, the government, having already expended considerable valuable resources in making the witness available for the first two-week deposition, and faced with the necessity of expending additional considerable valuable resources in making the witness available for an additional two-week period, should not be required to do more.[3]

WHEREFORE, the government respectfully requests that this Court enter its Order denying the Trustee's Motion to Extend the Second Scott Rothstein deposition.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:   /s/ Lawrence D. LaVecchio
LAWRENCE D. LaVECCHIO
Assistant United States Attorney
Fla Bar No. 305405
500 E. Broward Blvd., Suite 700
Ft. Lauderdale, Florida 33394
Tel: (954) 356-7255
Fax:(954) 356-7230

---

[2] For example, insofar as this Court has allowed the Insurance Companies and the Banyon Trustee to participate (DE 152), there remain few, if any, unanswered pertinent questions from the last deposition. At that time the witness was thoroughly examined concerning his operation of the Ponzi scheme and his interaction with the principals of Banyon, Frank Preve and George Levin. Were the questioning by these parties restricted to relevant, non-repetitive issues, it could reasonably be concluded in a fraction of the time which they seek.

[3] As the government noted during the February 10, 2012 hearing (Tr. p.15), making the witness available by video-conference still entails significant security, logistical and expense issues which the undersigned will explain to the Court in camera upon request.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on April 18, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/ Lawrence D. LaVecchio
LAWRENCE D. LaVECCHIO
ASSISTANT UNITED STATES ATTORNEY