UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-61338-CIV-COHN

In Re: ROTHSTEIN ROSENFELDT
ADLER, P.A.,

    Debtor.
_____/

### ORDER DENYING MOTION TO AUTHORIZE TRUSTEE TO DISCLOSE INFORMATION IN ADVERSARY PROCEEDING

**THIS CAUSE** is before the Court upon the Preve Defendants' Motion for Order Authorizing Trustee to Provide Certain Information in Response to Discovery Requests in Pending Adversary Proceeding [DE 172] ("Motion"). The Court has carefully reviewed the Motion, the Trustee's Response [DE 173], the Preve Defendants' Reply [DE 174], and the record in this case, and the Court is otherwise fully advised in the premises.

**I.     Background**

Scott Rothstein was the central figure in a federal criminal action regarding fraudulent activities that Rothstein undertook while he controlled the now-bankrupt law firm of Rothstein, Rosenfeldt & Adler, P.A. ("RRA"). Rothstein pleaded guilty to the criminal charges, and this Court sentenced him to fifty years' imprisonment. See United States v. Rothstein, No. 09-60331-CR-COHN, DE 593 at 1-3 (S.D. Fla. Aug. 31, 2010) (Amended Judgment). After lengthy negotiations among the parties involved, and upon the recommendation of the Bankruptcy Court, this Court allowed Rothstein to be deposed in the RRA bankruptcy case and in related civil actions. See DE 32 at 8-9 (Order of July 1, 2011) ("July 1 Order"). Further, because the RRA Bankruptcy Trustee was required by law to file any new adversary actions by November 2011, the Court

permitted the Trustee to interview Rothstein before his deposition, in lieu of a Bankruptcy Rule 2004 examination.  See id. at 7-8.  The Court granted the Trustee this special access to Rothstein based on the representation that "the Trustee and his counsel will treat their notes of an interview with Rothstein as work-product, will not obtain an affidavit or declaration from Rothstein to use against the [pending] adversary case defendants, and will not share the information gleaned from Rothstein with the plaintiffs in the civil cases."  Id. at 7.

After the Trustee interviewed Rothstein in August 2011, TD Bank, N.A., and Platinum Partners Value Arbitrage Fund LP ("Platinum") moved for remedial relief, claiming that the Trustee and his counsel had improperly disclosed information from the Rothstein interview.  Following a hearing, the Court found that the Trustee's counsel had violated the July 1 Order by sharing information from the Rothstein interview with the plaintiffs in a civil action against TD Bank.  See DE 100 at 4-5 (Order of Dec. 22, 2011).  The Court therefore ordered the Trustee to disclose to TD Bank all interview information that was provided to the civil plaintiffs and to allow TD Bank to depose the persons who participated in the interview concerning that information.  See id. at 6-7. More, the Court emphasized that "[t]he Trustee and his counsel shall not communicate, share or provide to any actual or prospective civil plaintiff or other third party any information in any form that they obtained in the Rothstein interview."  Id. at 7, 8.

The Court also found that the Trustee had violated the July 1 Order by giving certain deposition testimony in a separate bankruptcy case involving Platinum.  See DE 100 at 5-6.  Specifically, the Trustee testified about facts that Rothstein had revealed during the interview regarding Frank Preve's alleged involvement in Rothstein's fraudulent conduct.  See id. at 5; DE 74-1 at 75-80.  The Trustee stated on the record

2

that he did not believe those facts were privileged, and his counsel agreed. See DE 100 at 5; DE 74-1 at 74-75. Although he could not recall certain facts from the interview, the Trustee said that he would review his notes and supplement his deposition testimony. See DE 74-1 at 80. In finding these disclosures improper, the Court explained that "[t]he Trustee or his counsel should have raised an objection to the question based upon the conditions this Court set forth in its July 1 Order allowing the special access, and sought this Court's approval before answering questions about what the Trustee learned from that interview of Rothstein." DE 100 at 6. Nonetheless, the Court concluded that "while it has the authority to enforce its order, the circumstances of the Trustee's disclosure, under oath in a deposition in which Platinum Partners' counsel was present, are sufficiently different from the private disclosure to the [civil] plaintiffs so as to not warrant remedial relief with regard to the Trustee's deposition testimony." Id. at 5-6.

On November 28, 2011, the Trustee filed an adversary action against Preve and other defendants (together, the "Preve Defendants"), essentially seeking to avoid and recover alleged fraudulent and preferential transfers from RRA. See Stettin v. Preve, Adv. No. 11-03014-BKC-RBR-A (Bankr. S.D. Fla. filed Nov. 28, 2011). As pertinent here, the Trustee's current Complaint alleges that Preve helped Rothstein carry out his fraudulent scheme. See id., DE 67. During discovery, the Preve Defendants asked the Trustee to produce copies of all notes that he or his attorneys took during any communications with Rothstein since November 1, 2009. See DE 172 at 12-13. The Trustee objected to this request on the grounds that (1) this Court's prior Orders prohibited disclosure of any notes from the Rothstein interview and (2) the documents sought were attorney work product and therefore not discoverable. See id. at 13.

3

**II.     Discussion**

In their present Motion, the Preve Defendants "seek an order from the Court that authorizes the Trustee to substantively respond to the requested discovery and to produce the requested documents." DE 172 at 13; see id. at 19-20.  The Preve Defendants argue that the facts that Rothstein disclosed during the August 2011 interview are relevant to the Trustee's claims alleging that Preve participated in Rothstein's fraud.  According to the Preve Defendants, the Trustee's prior deposition testimony concerning what Rothstein said during the interview about Preve's involvement in the fraud conflicts with the Trustee's present allegations against Preve and with Rothstein's deposition testimony in the adversary action.  Also, the Preve Defendants suggest that the Court's Orders barring the Trustee from disclosing information obtained in the Rothstein interview were not intended to apply to "a defendant taking discovery from the Trustee in the context of an adversary proceeding that the Trustee himself had filed against that defendant." Id. at 15; see id. at 20.  The Preve Defendants further maintain that the Trustee waived any work-product protection for the interview notes through the disclosures in the TD Bank and Platinum cases.

The Court finds the Preve Defendants' arguments unavailing.  Even if the notes that the Trustee took during the Rothstein interview were relevant and admissible in the adversary action, disclosure of the notes is still precluded by this Court's Orders.  In the July 1 Order, the Court allowed the Trustee to interview Rothstein before his deposition so that the Trustee could gather information for new adversary actions like the case against the Preve Defendants.  See DE 32 at 7-8. Nothing in that Order stated that the defendants in those actions would be permitted to review the notes of the Trustee's investigative interview.  To the contrary, the Court relied on the representation that "the

4

Trustee and his counsel will treat their notes of an interview with Rothstein as work-product." Id. at 7.  Although the Trustee did not adhere to this promise in the cases involving TD Bank and Platinum, the Court addressed those specific breaches and granted all necessary remedial relief.  In so doing, the Court made clear that the Trustee's disclosures violated the July 1 Order and that the terms of that Order remained in place.  See DE 100 at 7, 8 ("The Trustee and his counsel shall not communicate, share or provide to any actual or prospective civil plaintiff **or other third party** any information in any form that they obtained in the Rothstein interview." (emphasis added)).

    Nor have the Preve Defendants shown good cause for modifying the Court's Orders preventing disclosure of the interview notes.  The Preve Defendants were allowed to depose Rothstein in the adversary action.  And while they now claim that the time allotted for the deposition was insufficient, they do not explain what topics they were unable to address with Rothstein.  The Court recognizes the Preve Defendants' concern that, during the Trustee's interview and in the later adversary-case deposition, Rothstein may have given different accounts of Preve's involvement in the fraud.  But requiring the Trustee to reveal to an adversary defendant what Rothstein said during the investigative interview would destroy the work-product protection that the Court found essential in granting the interview in the first place.  Indeed, the Trustee confirms that the interview notes have been used exclusively as work product, see DE 173 at 4, and nothing indicates that the notes have been disclosed to any other defendant in an RRA adversary case.  Finally, whatever Rothstein may have said about the Preve Defendants during the interview, the Trustee bears the burden of producing admissible evidence to support his claims in the adversary action.  The Preve

Defendants may test that evidence through cross-examination and other means, but they must do so without the Trustee's work-product-protected interview notes.

### III. Conclusion

For the reasons discussed, it is **ORDERED AND ADJUDGED** that the Preve Defendants' Motion for Order Authorizing Trustee to Provide Certain Information in Response to Discovery Requests in Pending Adversary Proceeding [DE 172] is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 27th day of March, 2013.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies to:

United States Bankruptcy Judge Raymond B. Ray

Counsel of record via CM/ECF